REDDING ANDREWS V. NOAH SMITHWICK.

An order in writing, from the person entitled to a bounty warrant to the Adjutant-General, to issue the warrant in the name of one to whom such order is delivered, stating that the latter is the rightful owner of the warrant by purchase, is *prima facie* evidence, as between the parties to such order, that the person thus receiving the order is the owner of the warrant. But see what is said about its being taken in connection with other evidence in the case.

Although the plaintiff, in his petition, traces his claim to specific property, (a land certificate) through several assignments, commencing with one from the defendant, he is not bound to prove said assignments, but may recover, upon proof of the defendant's acknowledgment of his right, unless the defendant rebut the *prima facie* case made by proof of such acknowledgment.

It is error to submit an issue made by the pleadings, where no evidence tending to sustain it has been introduced; and where it is not clear that the jury have not been misled by such error, the judgment must be reversed.

Where the petition alleged that the defendant sold his right to a bounty warrant for 1280 acres, and after several assignments plaintiff became entitled thereto, and defendant gave him an order to the Adjutant-General to issue the warrant to him, the plaintiff, in his own name, as he was the owner thereof, but afterwards the defendant, not regarding his said contract or plaintiff's rights in the premises, and for the purpose of cheating and defrauding plaintiff, caused the said certificate to issue from the Adjutant-General's office to him, the said defendant, and has since refused and still refuses to assign the same to plaintiff, the defendant pleaded the Statute of Limitations, and it was proved that the warrant was issued in the name of and delivered to defendant after the date of his order in favor of plaintiff, as alleged, and more than two years before the institution of the suit; Held, that there was no evidence that the defendant had asserted any title or claim to the certificate, adverse to the plaintiff's right, at any time before the institution of the suit, and that the Statute of Limitations could not avail him.

Appeal from Burnett. Tried below before the Hon. Edward H. Vontress.

Suit commenced April 3d, 1855, by appellant against appellee, to recover a bounty warrant for 1280 acres of land, or its value. The petition alleged that the defendant was the owner, in 1839, of a discharge from twelve months' service, which entitled him to a bounty warrant for 1280 acres of land; that in

same year he sold said discharge, and assigned all his rights thereunder to one Richard Young; that in same year Jesse Billingsley purchased same at a Sheriff's sale, under execution against said Young; that in same year said Billingsley sold same to plaintiff; that by reason of some defect in the authentication of said discharge, the Adjutant-General refused to issue the bounty warrant; that in 1852, plaintiff and defendant and Billingsley brought the matter to the attention of the Legislature, and procured the passage of an Act authorizing the issue of said bounty warrant; that because of the loss of the Sheriff's deed to Billingsley, and of the promise of the defendant then made, to assign the warrant to plaintiff as soon as it should be issued, it was provided that the warrant should be issued to the defendant; that after the passage of said Act, to wit: on the 15th March, 1852, defendant gave plaintiff a written order to the Adjutant-General to issue said warrant to plaintiff, as his assignee; " but, subsequent to the date of said transfer" (order) " the defendant, Smithwick, not regarding his said contract, or petitioner's rights in the premises, and for the purpose of cheating and defrauding petitioner, caused the said certificate to issue from the Adjutant-General's office to him, the said Smithwick, and has since refused, and still refuses, to assign or transfer the same to petitioner," &c.

Answer of general denial; plea that the order to the Adjutant-General was obtained by fraudulent representations (which were stated, but not being sustained by any evidence, are omitted) and without any consideration, and plea of the Statute of Limitations.

The statement of facts was as follows: Act of the Legislature, approved February 10th, 1852, authorizing said warrant to issue to defendant, his heirs or assigns. Admitted that said warrant was issued in the name of and delivered to defendant on or about the 26th March, 1852. Deposition of Jesse Billingsley, who had been released by plaintiff, in answer to interrogatories in chief, to the effect that he, witness, purchased Smithwick's discharge in 1839 at a Sheriff's sale in Bastrop county, as the property of Richard Young, to whom it had been sold and regularly transferred by Smithwick; that in June of same year, witness sold same to plaintiff; that in consequence of the discharge not being properly authenticated by the proper officers, the Adjutant-General would not issue the bounty warrant; that in order to get the warrant for plaintiff, witness went with defendant, in

the year 1852, before the Legislature, and procured the passage of an Act authorizing the Adjutant-General to issue a certificate, on the discharge, in the name of the defendant, for 1280 acres of the land; the said defendant pledging his word of honor that upon the issuing of the certificate he would make title to the plaintiff; that the reason of the Act requiring the issue of the certificate in the name of defendant was the loss of the bill of sale from the Sheriff to witness; and it was thought by the committee, before whom the proof of the service was made by defendant, to be for the best, since defendant had pledged himself to make title to plaintiff; that the warrant is the property of the plaintiff, by purchase, as before stated; witness was well convinced, at the time of making the purchase at Sheriff's sale, that Young's title was a good one; and had heard defendant say that he received the value for it, witness thought a twenty-five dollar Spanish horse. At the passage of the Act, defendant told witness that he would instruct the Adjutant-General to issue the warrant direct to Andrews.

In answer to cross-interrogatories, witness reiterated the same statements in detail, and further stated that the transfer from Smithwick to Young was in writing, and was placed in his, witness', hands, when he purchased the discharge at Sheriff's sale as the property of Young, but had since been lost or mislaid; that the papers placed in his hands as evidence of his purchase, were placed in the hands of Maj. M. Andrews, brother of plaintiff, and had since been lost.

Plaintiff then read in evidence the following order:—

"Brushy, March the 15th, 1852.

"*To the Adjutant-General of the State of Texas.*

"Dear Sir: You will please issue to Mr. Reddin Andrews the 1280 acre land warrant granted to me by the Legislature, as said Andrews is the rightful owner of said land warrant by purchase. You will, therefore, please issue it to him in his own name, as my assignee, and oblige

"Yours,          NOAH SMITHWICK."

Plaintiff proved the value of land certificates in 1852, and closed. Defendant offered no evidence.

Although the statement of facts was authenticated as above given, it appeared, from a separate bill of exceptions, that defendant objected to so much of the deposition of Billingsley as related to the alleged sales to Young and to said witness, and

8

the Court sustained the objection, and directed the jury to disregard so much of said testimony as related to any sale to Young or Billingsley; to which ruling plaintiff excepted.

The Judge instructed the jury as follows:—

1st. That if they believe, from the evidence, that the plaintiff purchased the warrant in controversy from the defendant or his assigns, for a valuable consideration, they must find for the plaintiff.

2d. That defendant had the right to transfer said warrant; and if you believe, from the evidence, that defendant did transfer the same to plaintiff, or to those under whom he holds, for a valuable consideration, then he conveyed all his right, and you must find for the plaintiff.

3d. That to constitute a valuable consideration, it is not necessary that the defendant should receive any benefit or profit. It is sufficient if the plaintiff put himself to trouble or inconvenience, or receive damage; the amount or value of the consideration is not a question for the jury.

4th. That the agreement of attorneys is legitimate evidence, and that the admissions of the parties are evidence against him, and he is bound thereby.

5th. That a promise, without any consideration or benefit to a party making it, or inconvenience to the promiser, is a *nudum pactum*, and is void under the law.

6th. That if you believe, from the evidence, that the defendant did not receive a consideration for the warrant from the plaintiff or those under whom he holds or claims, you will find for the defendant.

7th. That if you *believe, from the evidence*, that the defendant admitted that the plaintiff was the owner of the land warrant in controversy, by purchase, then defendant is bound by such admission or declaration, and the plaintiff need not show what was the consideration for such sale, to entitle him to recover.

8th. That the jury will disregard any of the testimony of the witness Billingsley, going to establish the written transfer to Young, or the Sheriff's sale to him, of the discharge of defendant as the property of Young; that to entitle the plaintiff to show by parol the contents of a written transfer or title under the Sheriff's sale, he must account for the loss of the transfer, and show that the sale was made under some valid subsisting judgment, which must be shown by the records of the Court in which such judgment was had.

9th. That the deposition of the witness Billingsley is competent to prove any fact or admission of defendant in regard to the transfer of the warrant in controversy to plaintiff. That if you believe, from the testimony, that defendant sold the warrant in controversy for a consideration, and admitted the title in plaintiff after the passage of the law granting the warrant to him, he cannot take advantage of any defects in the title in any other party under whom the plaintiff claims. You are the judges of the amount of testimony it takes to establish proof of a fact.

10th. That if you find, from the evidence, that the plaintiff is the owner of the warrant in controversy, and that the defendant has fraudulently and maliciously withheld or detained the same from plaintiff, then, under the law, you are authorized to find for the plaintiff, not only the value of the certificate, but exemplary damages or smart money, and you are the judges of the amount.

11th. That if you find, from the testimony, that the warrant was issued to defendant under contract or promise that he would convey or transfer it to plaintiff when issued, then the defendant held said warrant in trust for plaintiff, and no statute of limitation would commence running against him until he had actual or constructive notice of the adverse claim or title of defendant. That the possession of the trustee *per se* is not inconsistent with the title of the *cestui que trust* or beneficiary of the trust.

12th. That when property is unlawfully retained, a party or the owner may sue for money or the property, and so much as is equal to the damage sustained; that the measure of damages, under our system of laws, depends upon the character of the property and the circumstances of each particular case.

13th. That if you find for the plaintiff, you will find such amount for the plaintiff as the evidence shows the warrant to be worth, and such damages as you may deem proper from the testimony for any malicious and fraudulent detention of said warrant by defendant, in contravention of the right of the plaintiff; for all which you must look to the testimony for the facts or proof.

14th. If you find, from the evidence, that the plaintiff is not the owner of the warrant, then you will find for the defendant.

15th. That fraud must be averred and proved, but it may be proved by presumptive or circumstantial evidence.

The following instructions were given at the request of defendant:—

1st. That a contract to convey a bounty land warrant without any consideration would not be binding, and in order to recover upon such contract it would be the duty of the plaintiff to aver and prove a consideration.

2d. That if the defendant gave the order offered in evidence, from the misrepresentation of the plaintiff and in ignorance of his just rights, he would not be bound by such order, unless he had received a good and valuable consideration for the same.

3d. That if the jury believe from the testimony, that the only consideration that the defendant received for the certificate in controversy, was his sale of the discharge, mentioned in the plaintiff's petition, to Young, they must find for the defendant unless the plaintiff shows a regular chain of title from Young to the plaintiff.

4th. That to prove a legal sale of property at Sheriff's sale it is necessary for the party proving such sale to produce a copy of the judgment, execution and levy.

The following instructions were also given at the request of defendant:—

The jury will exclude from their consideration all the testimony given by the witness Billingsly, in his answer with reference to a sale to him, at a Sheriff's sale of Smithwick's discharge as a ranger of the Texas army, as the property of one Richard Young.

2d. That to show that whatever title Young had in this discharge passed to Billingsley under a Sheriff's sale, the plaintiff would have to show that said sale was made under some valid and subsisting judgment against Young; and if the plaintiff shows no such judgment, he can claim no right to the present bounty land warrant, by reason of any right Young may have had in said discharge.

3d. That in order to entitle the plaintiff to recover, by virtue of the order given by the defendant in March, 1852, to the plaintiff on the Adjutant-General, he must show that said order was given for some valuable consideration passing from the plaintiff to the defendant; and if the plaintiff has shown no such consideration, the jury will return a verdict for the defendant.

4th. That if the jury is satisfied from the evidence, that the land warrant was issued and delivered into the possession of the defendant for more than two years before the institution of this suit, the plaintiff is barred by the statute of limitations, if the

defendant has held the warrant in his own right; and the jury will find for the defendant.

5th. That if it appears from the evidence, that this land warrant was issued and passed into the possession of the defendant on or about the 15th of March, 1852, and he has had the same since as his own, and the plaintiff instituted his suit on the 30th day of April, 1855, two years had elapsed from the time the plaintiff's cause of action accrued, before the institution of this suit; and consequently the cause of action, if any the plaintiff ever had, was barred at the institution of this suit, and the jury will find for the defendant.

Verdict and judgment for defendant. Motion for new trial overruled. Two new trials had been granted to plaintiff previously, one on a verdict in his favor for $25.

*Chandler & Turner*, for appellant, argued that the excluded portions of Billingsley's deposition were competent evidence, taken in connection with what was received; and that, at all events, the plaintiff was entitled to read in evidence the answers elicited by defendant's cross-interrogatories; that defendant made no effort to prove the matter alleged in avoidance of his order to the Adjutant-General; (1 Chit. Pl. 526–8;) that defendant's possession was in trust or fraudulent, and in either case, limitation could not protect him until two years after notice to plaintiff of adverse possession; (Smith v. Garza, 15 Tex. 150; Hayes v. Johnson, Id. 570; Crane v. Prather, 4 J. J. Marsh. 76;) that the Court erred in the instructions to the jury, given at the request of defendants; and that the judgment should be reversed on the facts.

*Fisk & Bowers*, for appellee, argued that portions of Billingsley's deposition were properly excluded; that if there was any error in the charge of the Court, it was in favor of plaintiff; that the defendant's signing the order to the Adjutant-General, under a mistake did not conclude him; (2 Stark. Ev. 703;) that defendant was protected by the statute of limitations, having had two years' adverse possession of the certificate, which is personal property, before suit; (Randon v. Barton, 4 Tex. R. 289;) and that the verdict was right on the facts, for if any one was entitled, under the evidence, to recover from defendant, it was Young.

WHEELER, J. It is not deemed necessary to revise the several instructions given at the instance of the defendant, and assigned as error. They certainly do not all consist with the charge of the Court, and might well have been refused as not warranted by the evidence. The order of the 15th of March, 1852, is *prima facie* evidence, as between the plaintiff and defendant, that the former was the owner of the certificate. It empowered him to demand and have the certificate issued to himself as the defendant's assignee. Taken in connection with the testimony of the witness Billingsley, not objected to nor obnoxious to objection, it established an equitable title in the plaintiff, and amounted to an equitable assignment of the certificate.

The second instruction given at the instance of the defendant, which assumed that it was procured by misrepresentations and in ignorance of the defendant's rights was not warranted by the evidence, and was calculated to mislead.

There was no evidence that the defendant had asserted any title or claim to the certificate, adverse to the plaintiff's right, at any time before the institution of the suit, and the statute of limitations cannot avail him. The judgment is erroneous, and must be reversed and the cause remanded.

Reversed and remanded.