JOHN B. LEGON v. JOHN W. WITHEE.

Although it has not been usual to dismiss causes in this court for want of an assignment of errors, except upon motion of the defendant in error or appellee, yet see this case for circumstances under which the court will dismiss for that cause without motion.

Errors should be assigned either in the court below in accordance with the statute, or in this court by consent of parties.

ERROR from Cass.   Tried below before the Hon. W. S. Todd.

*P. Murrah*, for defendant in error.

*S. F. Moseley*, on the same side.

ROBERTS, C. J.—This is a suit instituted by Withee against Moore for four bales of cotton, alleged to be of the value of one hundred and thirty dollars.   A sequestration was issued by which the cotton was seized, and the present plaintiff in error, Legon, became surety for Moore on his replevy bond.   A verdict was returned against Moore, for one hundred and ninety dollars, and a judgment rendered in favor of Withee against Moore and his sureties on his replevy bond, Legon and Jackson, for said amount of one hundred and ninety dollars, and execution ordered to issue for its collection unconditionally.   Neither Moore nor Jackson have taken any steps to have the case brought into this court for revision.   Legon filed a petition in error, gave bond, filed the record in this court, but has not assigned errors.   Moore has assigned errors.   Withee has appeared, filed a brief, and asked an affirmance of the judgment below.   So has plaintiff in error, Legon, appeared, filed a brief, and asked a reversal of the judgment on the grounds of error assigned by Moore, who is not now in this court a party.   Delay has not been suggested by Withee.

The judgment may be erroneous as to all the parties, as it has been rendered.   We are not prepared to say that it should be affirmed against any of them who may be in court.   The suit is to recover four bales of cotton alleged to be worth one hundred and

thirty dollars. The verdict is in favor of plaintiff below, Withee, for one hundred and ninety dollars. Is this such a verdict as authorized a judgment against Legon, as surety on the replevy bond? And if so, was an unconditional judgment for one hundred and ninety dollars the proper judgment against him? Has Legon any right to object to any proceedings in the cause anterior to the verdict? (See O. & W. Dig., Art. 1839.) These being the important questions which must first be determined; and they not having been noticed by the parties in their briefs, and considering the embarrassing condition in which the case now stands for investigation in this court, it is believed to be the best course to dismiss the writ of error for the want of an assignment of errors by the plaintiff in error.

It has not been usual to dismiss for want of an assignment of errors except upon motion of defendant in error. Still the statute requires that " the plaintiff in error shall in all cases file with the clerk of the court below, an assignment of errors distinctly specifying the grounds on which he relies," &c., " and all errors not so distinctly specified, shall be considered by the Supreme Court as waived." (O. & W. Dig., Art. 1927.) This omission is often supplied by the parties agreeing to an assignment of errors in this court. That has not been done in this case. One of the leading objects of requiring errors to be assigned, is to point out to the court the particular matters in a record of which the party complains, and to relieve the court from a sort of inquisitorial investigation and scrutiny of the whole record, to hunt out some possible error.

When, therefore, parties wish the merits of a cause to be enquired into, the errors should be assigned, either in the court below in accordance with the statute, or in this court by consent of parties.

Cause dismissed.