## M. P. Ellis v. J. N. McKinley and another.

1. When the transcript sent up to this court is replete with flagrant errors of language and style, rendering it scarcely intelligible, this court would be justified in dismissing the case without an examination of its merits ; and appellants are admonished that they incur the duty and responsibility of furnishing proper transcripts to this court.

2. This court is not authorized to change the plain language of the transcript in order to make sense of an assignment of errors, notwithstanding it may be presumable that its absurdity arises from clerical errors.

3. An assignment of error that a deposition admitted as evidence " was not properly taken and returned into court," is too vague and indefinite for any purpose whatever.

4. The overruling of a motion for a new trial will not be revised by this court when the motion did not specifically point out errors in the proceedings as grounds for the motion, so that the court below and this court could act intelligently upon the motion.

5. In a suit on a note for six hundred dollars, dated in January, 1863, and due in January, 1864, the defendants alleged and proved that it was contracted to be paid in the currency of the country, and that the currency of the country, when the note fell due, was Confederate money ; and the verdict and judgment were for the defendants. *Held*, that as the judgment is in accordance with the law and with justice, this court will not reverse it on account of immaterial errors.

APPEAL from Smith. Tried below before the Hon. Samuel L. Earle.

The note sued on was payable to James G. Adams, and specified no particular kind of "dollars." The deposition of Adams was introduced by the defendants ; who asked him what kind of money the note was to be paid in, and in the same question proceeded to ask if, at the time it was made, certain verbal stipulations, particularly described, did not pass between him and the defendants, to the effect that Confederate money was to be received in payment. The witness answered briefly that it was to be paid in the currency of the country ; that the defendants did not make any objections to the form of the note, and that · (if the incongruous language of the transcript is correctly understood) there was no agreement as to the particular kind of money to be received, to the best of his recollection.

By other testimony the defendants proved that Confederate money was the currency of the country in Smith county, where the note was given, at the time it fell due.

*S. P. Donley*, for the appellant.

No brief for the appellees.

OGDEN, J.—The flagrant and inexcusable errors of language and composition in the record of this cause, merit our most un-

qualified reprehension. If they are chargeable to the faults of the clerk only, then he should be held responsible for his ignorance or gross carelessness. But we are not inclined to think the clerk alone blameable for much of the nonsense exhibited in this transcript. It was the duty of the appellant or his counsel to see that the transcript was properly made out and filed in this court, if he wished or expected the administration of the law in his cause. We would feel justified in dismissing this cause from the docket without an examination of its merits, for the want of an intelligible record; but wishing, if possible, to correct some of the many errors we find in the records sent up here, and to induce greater care on the part of attorneys and clerks in preparing causes for this court, we have thought proper to make this criticism and then to examine the several assignments of error presented in the record of this cause. Appellant assigns as error that the court erred, first, "In allowing defendant to read in evidence the deposition of James G. Adams, to which plaintiff objected, because the said defendants are irrelevant and leading." It is presumed that there is a clerical error in the above assignment, but we are not required nor authorized to change the language of the record in order to give it sense or meaning.

Second, "Because the same was not properly taken and returned into court." This assignment is too vague and indefinite for any purpose whatever. The statute (Paschal's Digest, 1591) reads as follows: "The appellant or plaintiff in error shall in all cases file with the clerk of the court below an assignment of errors distinctly specifying the grounds on which he relies. * * * And all errors not so distinctly specified shall be considered by the Supreme Court as waived." There is no error particularly specified which was committed in taking and returning the deposition, and appellant might as well have presented one general error that the court and jury committed an error in the trial of the cause·

Third, "Because the said James G. Adams is the payee of

the note and appears to be an interested party." But James G. Adams assigned the note to appellant, without recourse on him, and therefore it could not have appeared to appellant that Adams was an interested party.

Fourth, " In permitting the defendant to read in evidence the second interrogatory, and the answer of James G. Adams, thence, because the same is too direct and leading." This is the only assignment sufficiently specific, under any circumstances, to entitle it to a notice by this court; but when the interrogatory and answer complained of are examined, it will be seen that the only intelligible portion of the answer has reference to the first clauses of the interrogatory, which are not direct or leading. The overruling of the motion for a new trial was not error, as no specific error was pointed out in that motion so that the court below or this court could act upon the same intelligibly.

We therefore see no error, distinctly specified in the assignment, sufficient to authorize a reversal of this cause.

And upon examining the whole record, though we find many errors, yet in our opinion there are none of which the appellant has a right now to complain, and which would warrant a reversal of the judgment below. The note sued on was executed in 1863, and the payee, who had transferred the note to appellant, without recourse testified that it was to be paid in the currency of the country, and it was proven that the currency of the country at the maturity of the note was Confederate money, and the jury were therefore authorized to find that the note was payable in Confederate money, and if payable in Confederate money the note was void, and if void then the verdict of the jury and judgment of the court were in accordance with law and justice; and as substantial justice has been arrived at, we are not inclined to disturb the judgment of the lower court, on account of immaterial errors, erroneously complained of. The judgment is affirmed.

                                                           Affirmed.