HENRY COBURNE V. ROBERT W. POE.

1. When the assignee of a note upon which suit is brought fails to allege in his petition that he acquired the same before maturity, it is not necessary that the defendant, who is the maker, should aver in his answer that plaintiff acquired the note after its maturity, to authorize evidence upon defenses set up in the answer which would defeat a recovery as against the original payee, or an assignee with notice.

2. The production in evidence by a plaintiff of the note upon which he sues as assignee raises a *prima facie* presumption of the truth of an averment in his petition that it was transferred to him before maturity; but no such presumption can exist in the absence of such an averment.

3. Errors committed in the court below will not be made a cause for reversal of judgment unless they are distinctly specified in the assignment of errors.

4. The exception to this rule heretofore announced, "That objections which go to the foundation of the action will be considered, though not specially assigned as error," *limited* to those cases where the matters of error are so obvious that the court would be doing injustice to sanction the judgment rendered below.

APPEAL from Rusk.    Tried below before the Hon. J. B. Williamson.

*Drury Field*, for appellant.

*James H. Jones*, for appellee.

ROBERTS, CHIEF JUSTICE.—This is an action on a note for $100, payable one day after date, to J. O. Evans, or bearer, and dated the fourteenth day of November, 1864. In the petition by plaintiff below, Henry Coburne, filed twenty-eighth of April, 1873, it is alleged that he "is the lawful holder and owner of the same."

The answer of the defendant contained a general denial and a special plea that, by the understanding of the parties at the time of its execution, the note was given to be paid in Confederate treasury notes.

It is not alleged, either in the petition or the special plea, when the plaintiff acquired the note from the payee.

The court charged the jury, in substance, that if they were satisfied that the note was given for Confederate treasury notes, they must find for the defendant; which they did, and judgment was rendered accordingly.

As appears by the statement of facts, the only evidence on the trial besides the note was that of the defendant, Poe, who swore that the note was to be paid in Confederate treasury notes; that he and the payee were soldiers in the Confederate army; that the note was given by him as difference in an exchange of horses, and that, although it

was not expressly mentioned at the time of the swap what
sort of money was to be paid, it was expressly understood
between them that it was to be paid out of his wages on·
the first pay-day, and that no other sort of money was
ever paid to them in the army, of which Evans was well
aware at the time the note was executed.

When these facts were proposed to be proved by Poe,
plaintiff objected to it, "because plaintiff is the assignee
of the note sued upon, and it is not averred in the answer
that plaintiff obtained the same after maturity, or had
had notice of the defense set up by defendant." This ob-
jection being overruled by the court, the plaintiff excepted
to the ruling, which is set out in the statement of facts
contained in the transcript of the record.

The plaintiff moved for a new trial upon the following
grounds:

1. Because the court erred in admitting the evidence of
R. W. Poe, to show that the note was given for Confed-
erate money, as against this plaintiff, there being nothing
in the defendant's answer to authorize the same.

2. Because the jury found for defendant against the
charge of the court and without evidence.

3. Because the jury found a verdict for defendant with-
out and against evidence.

The court overruled the motion for new trial, and the
plaintiff gave notice of appeal, and assigned as error the
admission of Poe's evidence over the objection of plain-
tiff, and the overruling the motion for new trial. The ef-
fect of the assignment of errors is simply to bring in
review the grounds set out in the motion for new trial.

The evidence was sufficient to sustain the special plea
of defendant, which had not been excepted to as defective.

The verdict was responsive to the charge of the court,
and could not well have been otherwise than it was un-
der the charge.

The objection to the admission of the testimony of Poe

is predicated on the assumption that the facts proved by Poe would be a good defense to the note in the hands of the plaintiff only in the event that he had acquired the note after maturity, which he could not be allowed to prove, as he had not alleged it in his special plea, and therefore it was useless to prove any part of it, even that which was alleged in the plea thus defective. The shape of the objection impliedly admits that the facts proved by Poe would have been admissible to establish a legal defense to the note, if his plea had contained the additional averment, so as to admit proof that the plaintiff acquired the note after maturity, or had notice of the defense set up to it before he obtained it.

That, then, raises simply a question of pleading, which is, was it necessary for Poe, in answer to the petition as the facts were therein set forth, to make the averment that the plaintiff acquired the note after maturity, or had notice of the defense set up before he obtained it? The answer is, that it was not, for the reason that the petition does not state that he acquired the note before maturity, but by strong implication the contrary appears by the allegation that the "petitioner is the lawful owner and holder of the same"—that is, at the time of the filing of the petition. The legal effect, in pleading, of such an averment is very different from an allegation that the payee, Evans, for a valuable consideration transferred and assigned by delivery the said note to plaintiff before the date of maturity (it being payable to said Evans or bearer). Had such an averment as this been made, the production of the note by plaintiff on the trial would have raised the presumption *prima facie* of the truth of such averment. But the production of the note does not by presumption supply the place of such averment in the petition, so as to require the defendant to deny a fact not only not alleged, but the reverse of it inferentially admitted in the petition. A plea of this sort need only in substance and

form answer by way of avoidance the case that is made in the petition, and not that which might have been made. Therefore the objection to the evidence of Poe, on the ground assigned in the exception by the defendant, was properly overruled by the court.

It is proper to notice that the error assigned having reference to the charge of the court is, that the jury found for defendant against the charge of the court, and not that the charge of the court was erroneons, or that the verdict was contrary to the law and evidence. The important question of law involved in the charge is not presented to the consideration of this court by the assignment of errors, and need not therefore be discussed in this opinion.

"The appellant or plaintiff in error shall in all cases file with the clerk of the court below an assignment of errors, distinctly specifying the grounds on which he relies, before he takes the transcript of the record from the clerk's office, and a copy of such assignment of errors shall be attached to and form a part of the record, and all errors not so distinctly specified shall be considered by the Supreme Court as waived." (Paschal's Digest, Article 1591.)

Attention has been repeatedly called to this statute to encourage parties to conform strictly to its requirements. (Legon v. Withee, 25 Texas, 351 ; Ellis v. McKinley, 33 Texas, 677.)

The appellee has a right to expect, in preparing his brief, that only such questions will be considered by this court as are specifically pointed out in the assignment of errors. Under any other rule he may be taken by surprise, and even misled, by assignment of errors, greatly to his prejudice, by the case being made to depend upon errors that he had never been called upon to consider or discuss.

It is true that it has been often said by this court that

"objections that go to the foundation of the action will be considered, though not specially assigned as error." (Rankert v. Clow, 16 Texas, 13; Hollingsworth v. Holshousen, 17 Texas, 47.)

There is much difficulty in making this exception to the rule laid down in the statute, unless it be in a very plain case, where the matters of error are so obvious and so flagrant as that the court would be doing a sort of injustice to sanction the manifestly erroneous judgment rendered in the court below. Another exception is in case of a suggestion of delay, which need not be now noticed.

The case now under consideration does not require a consideration by this court of any errors not assigned, whatever view might be taken of the legality of the cause of action or defense as stated by the parties. Because each party conducted the case in the court below, and in this court, upon the basis of gaining all or nothing; the plaintiff recognizing that the facts stated in the plea constituted a full defense, if the additional fact had been stated that the plaintiff had acquired the note after maturity, so as to admit proof of that fact; and the defendant recognizing the right of the plaintiff to recover the full amount of the note, if the fact of its having been given for Confederate money did not render it a void contract.

Had the petition been amended after the plea was filed, so as to require of the court below any other view of the law on that subject than that contained in his charge, then a case might have been presented which would have called for a decision of this court upon the law of the case. The parties not having sought, in the pleadings in the evidence, or assignment of errors, to raise a question of law as applicable to this case, no opinion will be given upon the same.

AFFIRMED.