### GIBSON v. SCHOOLCRAFT.

(No. 376, Op. Book No. 1, p. 417.)

APPEAL from Palo Pinto County.  Opinion by WHITE, J.

§ **49.** *Bills of exceptions; statement of facts; assignment of errors.*  In this case there is no assignment of errors, no bills of exceptions, and the paper purporting

to be a statement of facts is not approved or certified by the judge, and therefore cannot be treated as a statement of facts. [Pas. Dig. arts. 1391 and 1490; Rules of Supreme Ct. No. 22; 32 Tex. 18; 25 Tex. 350; Murchison v. Holley, 40 Tex. 439.] In the absence of an assignment of errors, only such errors can be considered as go to the foundation of the action. [44 Tex. 649.]

§ 50. *Assignment of errors, necessity for.* The statute upon this subject is mandatory and emphatic, and was evidently intended as well to enable this court to make a proper disposition of the cases brought before it as for the protection of appellees and defendants in error. We do not, therefore, regard the mere submission of a case by the parties on briefs as obviating an observance of this plain requirement of law. [Davenport v. Hervey, 30 Tex. 309.]

May 21, 1877. Affirmed.