# AUSTIN TERM, 1880.

---

THOMAS E. BYRNES ET AL. V. W. A. MORRIS ET AL.

*(Case No. 4061.)*

1. EVIDENCE.— See opinion for statement of a witness, held to be properly excluded by the court, because the same was argumentative, and a conclusion of the witness.

2. TRUSTS — PURCHASER.— One who bids upon land at a sheriff's sale under an agreement with the judgment creditor that the purchase shall be for the creditor, holds the title in trust for him, though the deed be made in the name of the bidder.

3. ESTOPPEL — PURCHASER — TRUSTS. — A bidder who, under such circumstances, receives a conveyance in his own name, cannot plead an estoppel against the judgment creditor who afterwards has the same land again sold under an *alias* execution, issued on the same judgment. The rights of the bidder, if any, having accrued before the second sale, he was not thereby induced to change his former condition, or incur additional liability.

4. ASSIGNMENTS OF ERROR — PRACTICE IN SUPREME COURT.— When an assignment of errors indicates no particular charge or ruling of the lower court upon instructions which are complained of, but refers in general terms to "the several charges" refused, and "each several charge and instruction given," and on reference to them they are found to be numerous, they will not be reviewed unless the right and justice of the case may seem to demand it.

5. SAME.— Each error relied on, particularly assigned separately, or appropriately grouped, if several present the same point, should be followed by the statement from the record as required by the rules of court.


ERROR from Montague.    Tried below before the Hon. J. A. Carroll.

On the 11th day of August, 1877, W. C. O. Driscal brought trespass to try title against the defendants in error, in the district court of Montague county, to recover one thousand nine hundred and thirty acres of land, a part of the F. Escobar survey.

The plaintiff set forth his title specially, alleging in substance that in August, 1873, he recovered a judgment against S. S. Munger in the district court of Harris county, Texas, for the sum of $831.16 gold; that in December, 1874, he procured to be issued on that judgment an *alias* execution to Montague county, by virtue of which the land was sold in March, 1875; that a short time prior to the sale he employed the defendant W. A. Morris to attend the sale and buy the land for him; that for a reasonable consideration Morris agreed to do this, and that Morris did attend the sale and purchase the land for plaintiff; that long after the sale Morris, in violation of the trust reposed in him by plaintiff, procured the sheriff of Montague county to make the deed to the land to him, Morris; that the other defendants obtained whatever title they had from

Morris, with a full knowledge of plaintiff's claim to the land, and without paying value.

The defendants answered not guilty, improvements in good faith by all the defendants except Morris and Davis, and denied the agreement between plaintiff and Morris as set out by plaintiff. They alleged that a short time before the sale of the land in March, 1875, Morris agreed with plaintiff to attend the sale and buy the land, and if the plaintiff, in a reasonable time thereafter, paid the cost of the sale, that Morris would have the deed made to plaintiff; that in accordance with this agreement Morris did attend the sale and bought the land in for himself, and that after plaintiff was notified of the sale he refused to comply with the bid, and Morris then had the deed made in his own name. In several amendments the defendants further alleged that the plaintiff had waived whatever right he might have acquired by the sale, and had procured a second sale of the land under another execution upon the same judgment at which he purchased the land.

In reply to this, the plaintiff alleged he never intended to abandon his right to the land, but believing the first sale was irregular, because made on a legal holiday, he had procured the second sale to be made alone for the purpose of curing this supposed defect. At the June term, 1878, the case was tried and resulted in verdict for defendants, and the court granted plaintiff a new trial. Another trial was had at the October term, 1878, and again resulted in a verdict for defendants. After which, the plaintiff W. C. O. Driscal died without having perfected an appeal, and the plaintiffs in error having been appointed his executors, brought the case up by writ of error.

The court, in the subdivisions three and four of instructions to the jury, charged them, in substance, that if they believed any such contract as that alleged by defendants in their answers (but setting forth the terms of the agreement in full), had been made between plaintiff and the defendant Morris, and that plaintiff failed to comply with his part of said contract, then they would find for defendants. To this charge the plaint-

iff excepted, because the same was not called for by any issue in.the case, and was not the law of the case, and was calculated to confuse and mislead the jury.

The record is quite voluminous; it is sufficient, in view of the opinion, to. say that the evidence did not sustain the averments regarding the contract, set up by Morris.

*Grigsby & Willis* and *C. C. & C. L. Potter* for plaintiffs in error.

I. The purchase at the first sale was the purchase of plaintiff, and defendant Morris incurred no liability for the payment of the bid or cost.   Story on Agency, 5th ed., p. 261.

II. If plaintiff failed to comply with his bid at said first sale, then there was no sale, and the officer should have resold the land, or returned the execution not satisfied, and the second sale would have passed title to plaintiff.   Pasch. Dig., art. 3787; Revised Statutes, art. 2322.

III. When an agent seeks to hold property acquired by virtue of his agency, upon the ground that the principal had abandoned his right to the same, or had, by acts, ratified the conduct of the agent with reference thereto, it must appear that the acts of the principal, relied on to show such abandonment or ratification, were done by the principal with a full knowledge of both the law and the facts concerning the same. And in this case the jury should have been informed by the court upon whom was the burden of showing the alleged abandonment or ratification, and what would constitute a legal ratification of the acts of Morris by plaintiff.   Commercial Bank *v.* Jones, 18 Tex., 827; Reese *v.* Medlock, 27 Tex., 124; Smith *v.* Sublett, 28 Tex., 172; Vincent *v.* Rather, 32 Tex., 91; 2 Washburn on Real Property, 483–509; Story on Contracts, 160; Story on Agency, 90, 239.

IV. It is error in the court to submit to the jury an instruction upon a defense set up by defendants in their pleadings, but in support of which there was no testimony.   McGreal *v.* Wilson, 9 Tex., 426; Earle *v.* Thompson, 14 Tex., 583; Austin

*v.* Talk, 20 Tex., 164; Andrews *v.* Smithwick, 20 Tex., 118; Hutchins *v.* Masterson, 46 Tex., 553; Cravens *v.* Wilson, 48 Tex., 343.

*Stephens & Matlock* and *W. O. Davis* for defendants in error.

I. The contract between W. C. O. Driscal and W. A. Morris, as alleged in appellees' amended answer, was in substance the contract that the law would imply, or the jury were authorized to find from the correspondence that had taken place between them and the circumstances that surrounded them.

II. The gist of the amended answer is, the land was knocked off to defendant Morris at the sheriff's sale, and the deed made to him upon his compliance with the bid, and plaintiff afterwards waived, abandoned and forfeited all claim to the land by virtue of the sale, the contract between the parties being mere matter of inducement which need not be precisely proved as alleged. Sayles' Pleading, sec. 14.

III. The fourth and fifth assignments should be disregarded, because no motion asking for a new trial for the reasons set forth in said assignments was filed in the court below, all that part of the motion in which the verdict was complained of being void for uncertainty. The only complaint of the verdict in the motion for new trial is as follows: Third. "The verdict of the jury is contrary to, and not supported by, the law and the evidence in the case." Rules of District Court, No. 67; Foster *v.* Smith, 1 Tex., 70; Tarpley *v.* Poage, 2 Tex., 152; Hillebrant *v.* Brewer, 6 Tex., 51; Cotton *v.* State, 29 Tex., 187.

IV. The plaintiff in his petitions deraigned title to the land in dispute through the sheriff's sale of March 2, 1875, and not through the second sale, and could not, upon the trial, avail himself of any right acquired through the second sale.

Bonner, Associate Justice. — So much of the answer of witness Masterson, in which he says that he knew that Driscal,

plaintiff below, had not abandoned the first sheriff's sale of the land made on March 2, 1875, because of his "whole course of conduct in regard thereto, and especially by his indignation at the perfidy of W. A. Morris, his agent, in trying to keep the land after buying it in for him as per agreement," was subject to objection, as being but the conclusion of the witness and argumentative, and it was not error in the court to reject the same.

The pleadings of plaintiff Driscal were sufficient to entitle him to recover upon his title derived through the second sheriff's sale, if the first was invalid because made upon a legal holiday.

The validity, however, of the first sale was not put in issue by Munger, the defendant in execution, and who is not a party to this suit, and therefore the rights of the present parties will be decided upon the facts connected with the first sale. It is not disputed, even by the testimony of defendant Morris himself, but that he bid in the land for Driscal, and it was thus understood by the deputy sheriff who made the sale.

This purchase then enured to the benefit of Driscal, and the title of Morris was held in trust for him. Morris sought to avoid this, by alleging substantially that a short time before the sale of the land in March, 1875, he, Morris, agreed with Driscal to attend the sale and buy the land, and if Driscal within a reasonable time thereafter paid the cost of the sale, that Morris would have the deed made to him. That in accordance with this agreement Morris did attend the sale, and bid in the land, and that after Driscal was notified of the sale he refused to comply with the bid, and Morris then had the deed made in his own name. In several amendments, Morris further alleged that Driscal had waived whatever right he might have acquired by said sale, and had procured a second sale of the land under another execution upon the same judgment at which he purchased the land.

In reply to this, Driscal alleged he never intended to abandon his right to said land, but believing that the first sale was

irregular because made on a legal holiday, he had procured the second sale to be made for the purpose of curing this supposed defect.

The testimony did not sustain the above allegations made by Morris to defeat the rights of Driscal. That most directly bearing upon it was a communication made to Masterson, attorney for Driscal, by Morris himself, several weeks after the sale, in which he states: " I wrote to you nearly a month ago in regard to the sale of the Escabar land on an execution against S. S. Munger, and cannot hear from you. I would like an early reply as to what you are going to do, and if you are not going to take the land, I will pay the money and take it myself. The sheriff is hurrying me up as he is compelled to make return of the execution."

Under the facts as thus disclosed by the record, there was error calculated to mislead the jury in subdivisions three and four of the charge of the learned judge below, in which he submitted to the jury the above issue raised by the pleadings of defendant Morris, but which he failed to sustain by evidence. McGreal v. Wilson, 9 Tex., 426; Earle v. Thompson, 14 Tex., 583; Austin v. Talk, 20 Tex., 164; Andrews v. Smithwick, 20 Tex., 118; Hutchins v. Masterson, 46 Tex., 553; Cravens v. Wilson, 48 Tex., 343.

Under the testimony, the fact that Driscal had the land sold the second time under another execution, did not, as between the parties to this suit, create an estoppel against him in favor of Morris. The rights of Morris, if any, accrued before this second sale, and he was not thereby induced to change his former condition, or incur any additional liability. Love v. Barber, 17 Tex., 312; Burleson v. Burleson, 28 Tex., 415; Pickard v. Sears, 33 Eng. C. L. R., 117.

If, under the testimony, the rights of Morris had depended upon the abandonment by Driscal of the first sale, then the issuance of the second execution and the sale thereunder, if not explained, might have been a circumstance tending to show such abandonment, but was not sufficient to create an estoppel.

Defendant Morris excepts to the second assigned error because too general and indefinite.

This alleged error is as follows: "The court erred in refusing to give plaintiff's written instructions to the jury on the trial of this cause, which said instructions were numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 and 11, as shown by his bill of exception number 1."

Bill of exception number 1 merely recites that plaintiff requested the court to give to the jury these instructions, which the court declined to do, and to which plaintiff excepted.

This assignment does not so definitely specify under the statute and rules of the court, the errors relied upon, as that the plaintiffs in error can demand, as a matter of right, that we pass upon them. Pasch. Dig., art. 1591; R. S., art. 1037; Rules 24, 25, 26; Pearson *v.* Flanagan, 52 Tex., 266.

The present rules upon this subject are but the enunciation substantially of former repeated decisions of this court. Fisk *v.* Wilson, 15 Tex., 435; Howard *v.* Colquhoun, 28 Tex., 134; Ellis *v.* McKinley, 33 Tex., 675; Wright *v.* Hays, 34 Tex., 253: Lumpkin *v.* Merrill, 46 Tex., 51; Atcheson *v.* Hutchinson, 51 Tex., 223; Clements *v.* Hearne, 45 Tex., 415.

The rule of practice followed by this court, is that laid down in the above case of Fisk *v.* Wilson, in which it is said that "where the assignment of errors indicates no particular charge or ruling of the court upon instruction which is complained of, but refers in general terms to 'the several charges' refused, and 'each several charge and instruction given;' and on reference to them they are found to be numerous, this court will not deem it necessary to review them, unless the right and justice of the case may seem to demand it.    *    *    *    The object of assigning errors is to point the court and the adverse party to the particular ruling or ground of error on which the party intends to rely for reversing the judgment." 15 Tex., 435.

Each error relied upon, thus particularly assigned separately, or appropriately grouped if several present the same point,

. Argument for the plaintiff in error.

should, under the rules, be followed by the proper statement from the record.

As the judgment will be reversed for the error in the charge shown in a previous part of the opinion, we do not think proper to exercise our discretion to see whether there are fundamental errors, involving " the right and justice of the case," which require that we examine the several charges asked by the plaintiff and refused by the court, as presented by the second error assigned.

Judgment reversed and cause remanded.

REVERSED AND REMANDED.

[Opinion delivered April 13, 1880.]