## TEXAS PACIFIC RAILWAY COMPANY V. R. C. WISENOR.

(Case No. 2076.)

1. MASTER AND SERVANT—NEGLIGENCE—PRACTICE.—Plaintiff was a brakeman on defendant's train. The engineer of the train being a new man, the conductor traveled in the locomotive in order to show him the grades, etc., and put plaintiff in charge of the caboose. During the night, while performing his duties at the caboose, he was severely injured, by reason of a defective step of the caboose. *Held:*

    (1) If the company's officers or agents knew of the defective step, or ought to have known of it, and if plaintiff did not know of it and was not chargeable with negligence in not knowing it, and was not negligent under the circumstances, he was entitled to damages.

    (2) There being no evidence of incompetency or negligence on the part of the engineer, it was reversible error to charge the jury that plaintiff was entitled to recover if the injury was caused by the negligence of the company in employing an incompetent engineer, and such negligence was the proximate cause of the injury. (Railway Company *v.* Faber, 63 Tex., 344, and other authorities cited.)

APPEAL from Marion. Tried below before the Hon. H. C. Hynson, Special Judge.

The opinion states the facts.

*F. H. Prendergast,* for appellant, cited: Railway Company *v.* Gilmore, 62 Tex., 391; Railway Company *v.* Faber, 63 Tex., 344.

*Geo. T. Todd,* for Appellee.

GAINES, ASSOCIATE JUSTICE.—Appellee was a brakeman employed on appellant's road from Texarkana to Fort Worth. At the time the accident occurred, of which he complains in his petition, he had been employed on the company's freight trains for several months. He was a head brakeman and as such his position while on duty was on the front of the train near the engine. At the time above referred to, he left Texarkana at 6 o'clock p. m. on a train going west. The engineer being a new man on the road, the conductor went forward to the engine to show him the grades and curves, and placed appellant in charge of the caboose. About 1 o'clock at night the train was run upon a side track to let another pass, and it became his duty to get off the car to place the switch. In attempting to board the caboose after adjusting the switch, his foot slipped on the step and he fell. The wheel passed over his foot and crushed it. The night was dark. The accident was caused by a defect in the step, the fender being broken and gone.

The assignments of error are numerous, but in the view we take of

the case many of them need not be considered. The tenth error assigned is as follows: "The court erred in charging the jury that plaintiff could recover on account of the negligence of the engineer, because there was no evidence to warrant such a charge."

The petition alleges that the injury was caused by gross negligence of the company's servants and agents in requiring him to perform duties exceeding his ability, etc., and the trial amendment avers that the inexperience of the engineer and the absence of the conductor necessitated the performance of many additional duties by plaintiff * * and that it was in the performance of these duties that the injury was received. The evidence nowhere discloses any incompetency on part of the engineer, or that he was guilty of any act of negligence in moving the train on the occasion. The engineer did not know the road, and this made the presence of the conductor necessary on the engine in order to assist him. We cannot say, in the absence of any testimony upon the point, and as a matter of law, that it is negligence to put an engineer in charge of the locomotive merely because he is unacquainted with the grades and curves of the road; but if so, we do not see how it can be claimed that appellant's injury was the natural and probable consequence of such negligence. Yet under this pleading and evidence, the court, after defining the duty of railroad companies to provide competent and efficient employes to operate their trains and stating their responsibility for any damage occurring to other of their employes by their failure to do so, proceeds to give the following charge:

"If you believe plaintiff was injured, as alleged, and that said injury was caused by the negligence of defendant company in having in charge of its engine an incompetent engineer who could not perform his duties with safety to his co-employes, and you believe that such want of care was the proximate cause of injury to plaintiff, and the evidence does not show that he contributed to his own injury by the want of such care in avoiding the danger of attempting to board a moving train as a person of ordinary prudence would exercise under like circumstances, the plaintiff is entitled to recover."

A sound proposition of law upon a supposed state of facts which there is no evidence to support, when given in a charge, is calculated to mislead the jury and is reversible error. The case of Railway Company v. Gilmore, 62 Tex., 391, is precisely in point. See also Railway Company v. Faber, 63 Tex., 344; Cook v. Dennis, 61 Tex., 246; Andrews v. Smithwick, 20 Tex., 111; Austin v. Talk, Id., 164.

The evidence shows that the injury complained of by appellee was immediately caused by the defective step of the caboose. If the com-

pany's officers or agents knew of this, or ought to have known of it, and if appellee did not know of it, and was not chargeable with negligence in not knowing it, and if he was not negligent in attempting to board the caboose under the circumstances, then he was entitled to recover, and under the evidence in the court below these were the issues that should have been presented to the jury by the instructions. The other questions presented by the record are not likely to arise upon another trial, and we are not called upon to decide them.

Because of the error in the charge as pointed out, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered November 12, 1886.]