### W. W. SCOTT v. MEXICAN NATIONAL R'Y CO.

#### (No. 3164.)

APPEAL from Webb County.    Opinion by WHITE, P. J.

ATLEE & EARNEST, counsel for appellant.

NICHOLSON, DODD & MULLALLY, counsel for appellee.

§ 287. *Reconvention; in suit for personal service damage resulting therefrom may be pleaded in; jurisdiction; amount in excess of may be waived so as to confer.* The court did not err in refusing to strike out appellee's plea in reconvention.    The statute (article 650, Revised Statutes) allows set-off or counter-claims to be pleaded where founded on a cause of action arising out of or incident to or connected with the plaintiff's cause of action.    Plaintiff's claim was for services as engineer of the railroad. Defendant pleaded, in reconvention, damages on account of the negligent act of plaintiff, as engineer, in running his train out of proper time, whereby it came in collision with another train running on proper time, whereby defendant was damaged in the sum of $1,200, asking that $200 of this $1,200 be allowed as a set-off to plaintiff's claim, waiving the excess over the $200 pleaded.    The matter pleaded in reconvention grew out of the employ-

ment of plaintiff as engineer by defendant company, and was incident to and connected with plaintiff's cause of action as such engineer. The case of Railway Co. v. Hurless, 1 Civil Cas. Ct. App., § 582, is a case directly in point, and to the effect that the railroad company may recover for damages caused by the negligence of its employee, in the performance of his duty, in a suit by the latter for wages earned. It is no objection to the plea that the amount pleaded was in excess of the jurisdiction of the justice court, inasmuch as the defendant only asked for a judgment for $200, which was an amount within the jurisdiction of said court; waiving at the same time the excess over and above the said $200. [1 Civil Cas. Ct. App., § 162; Dalby v. Murphy, 25 Tex. 354.]

January 20, 1892.                              Affirmed.