INTERNATIONAL AND GREAT NORTHERN RAILROAD COMPANY v. SOR-
TERO GONZALES ET AL.

Decided February 14, 1906.

**Charge—Physical Suffering—Pleading—Evidence.**

When the pleading alleged that by the refusal of the conductor to permit a passenger holding a ticket to board the defendant's train he was greatly distressed and humiliated, but there was no evidence of any physical hurt, it was error to submit physical pain as one of the elements of damage for which recovery could be had, even though the pleading should be considered sufficient therefor.

Appeal from the County Court of Falls County. Tried below before Hon. D. H. Boyles.

*Martin & Martin*, for appellant.—This charge is erroneous and prejudicial to defendant, because "physical pain" is submitted to the jury as one of the elements of damage when there was no pleading or evidence to warrant it. Western U. Tel. Co. v. Drake, 29 S. W. Rep., 919; Texas & Pac. Ry. v. Avery, 33 S. W. Rep., 705; Texas & Pac. Ry. v.

Wisenor, 66 Texas, 675; Houston & T. C. Ry. v. Gilmore, 62 Texas, 391; Byrnes v. Morris, 53 Texas, 219; De Garca v. Galvan, 55 Texas, 55.

*Wm. Shelton* and *Rice & Bartlett,* for appellee.—Where there is no such issue as "physical pain" pleaded, and no evidence is offered relative thereto, a clause of the court's charge grouping "physical pain" with other causes of action properly pleaded, for which they might recover, if error, is abstract error, and is therefore harmless. Breneman v. Kilgore, 35 S. W. Rep., 204; International & G. N. Ry. Co. v. Satterwhite, 19 Texas Civ. App., 171, 47 S. W. Rep., 41.

KEY, Associate Justice.—Sotero Gonzales and his wife brought this suit against the railroad company to recover damages because a conductor on one of appellant's trains refused to permit them to board the train and ride from Marlin to Mart, they having tickets entitling them to such transportation. From a verdict and judgment for the plaintiffs the defendant has appealed.

We sustain the fifth assignment of error, which complains of the paragraph of the court's charge relating to the measure of damages, in that it authorizes a recovery for physical pain and mental suffering of both the plaintiffs, the contention being that there is no allegation in the plaintiffs' petition authorizing proof of physical pain, no evidence whatever tending to show that either plaintiff suffered such pain, and none tending to show that Mrs. Gonzales suffered any mental pain. The petition alleges that, by reason of the wrongful conduct complained of, the plaintiffs were put to great inconvenience and annoyance, and were greatly distressed and humiliated. The word "distressed" has application to physical as well as mental suffering, and it may be that the petition presented the issue of physical pain. However, there is no testimony tending to show that any such injury was sustained, and for that reason it was error to submit that question to the jury. As a general rule, it is held to be reversible error to submit to the jury an issue not raised by the pleadings and evidence. (Byrnes v. Morris, 53 Texas, 219; De Garca v. Galvan, 55 Texas, 55; Houston & T. C. Ry. Co. v. Gilmore, 62 Texas, 391; Texas & Pac. Ry. Co. v. Weisnor, 66 Texas, 675.) While there may be exceptions to this rule, we think this case belongs within the general rule, and that the judgment should be reversed on account of the error in the charge.

Pretermitting any opinion as to the merits of the case as developed by the testimony, we overrule all other assignments of error presenting questions of law.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*