GALVESTON, H. & S. A. RY. CO. v. BIBB.†

(No. 5371.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 9, 1914. Rehearing Denied Jan. 13, 1915.)

1. TRIAL (§ 260*) — INSTRUCTIONS — ISSUES COVERED BY OTHER INSTRUCTIONS.

Issues presented by the general charge and in special charges need not be again given in other charges requested.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

2. CARRIERS (§ 318*) — INJURIES TO PASSENGER—NEGLIGENCE—EVIDENCE.

In an action by a husband for injuries to the wife, evidence *held* sufficient to sustain a finding that defendant railroad company negligently permitted fruit to lie on a wet platform, whereby the wife slipped and fell, causing injury.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1270, 1307–1314; Dec. Dig. § 318.*]

3. CARRIERS (§ 290*) — INJURIES TO PASSENGER—KNOWLEDGE.

To leave fruit on a wet platform of a passenger car while running a distance of 25 or 30 miles, is sufficient to show knowledge of the existence of the fruit, under the rule that the thing causing the accident must have been known to defendant or have been in existence long enough to justify an inference that the failure to obtain knowledge was negligence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1168, 1169, 1177, 1178, 1180, 1182–1184; Dec. Dig. § 290.*]

4. CARRIERS (§ 280*) — INJURIES TO PASSENGER—DEGREE OF CARE.

The highest care is required by a carrier of passengers.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1085–1092, 1098–1103, 1105, 1106, 1109, 1117; Dec. Dig. § 280.*]

5. CARRIERS (§ 321*)—INSTRUCTIONS—APPLICABILITY TO EVIDENCE.

Where, in an action by a husband for injuries to his wife, the only evidence that the wife had suffered a miscarriage at the hands of a doctor, rather than from the injury, was the doctor's admission that he was under indictment for soliciting practice as an abortionist, an instructon on that issue was properly refused.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1247, 1326–1336, 1343; Dec. Dig. § 321.*]

6. CARRIERS (§ 321*) — INJURIES TO PASSENGER—INSTRUCTIONS—DAMAGES.

In an action by a husband for injuries to the wife, in which the wife claimed that she had suffered a miscarriage, a charge that defendant was not liable if a physician had caused the miscarriage is too broad, since it might have been necessary in order to save her life.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1247, 1326–1336, 1343; Dec. Dig. § 321.*]

7. DAMAGES (§ 95*)—INJURY TO WIFE.

A husband, suing for injuries to the wife, can recover damages directly resulting from the injury and its subsequent consequences, whether permanent or temporary, for pain, suffering, and wounded feelings, the cost of nursing, medical attendance, and medicines, and the loss of the wife's services in the household.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 222–229; Dec. Dig. § 95.*]

8. DAMAGES (§ 132*)—EXCESSIVE DAMAGES—INJURIES TO WIFE.

$10,000 is not excessive damages for injuries to a young, robust married woman 17 years of age, causing her to lose consciousness for hours, and causing a miscarriage, where she could not walk without assistance and could not retain her urine, which condition would probably be permanent.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 372–385, 396; Dec. Dig. § 132.*]

9. DAMAGES (§ 208*) — LOSS OF SERVICES — EARNING CAPACITY—EVIDENCE.

Where, in an action by a husband for injuries to the wife, he testifies that she did the housework and ˙assisted him in his office, but since her injury a nurse was required for her, there is sufficient evidence on which to submit the question of earning capacity, as the jury could pass upon the worth of her services, in the absence of direct testimony as to value.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 54, 64, 68, 132, 144, 145, 205, 220, 533, 534; Dec. Dig. § 208.*]

Appeal from District Court, Bexar County; W. F. Ezell, Judge.

Action by J. H. Bibb against the Galveston, Harrisburg & San Antonio Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, and Templeton, Brooks, Napier & Ogden and Ed W. Smith, all of San Antonio, for appellant. Forrest Campbell and John Sehorn, both of San Antonio, for appellee.

FLY, C. J. This is a suit against appellant instituted by appellee to recover damages arising from injuries to his wife through the negligence of appellant in permitting the platform and steps to become wet and slippery and fruit to lie thereon, by reason of which she slipped and fell upon the steps and was seriously and permanently injured. It was admitted by appellant that appellee and his wife were passengers on the train that brought them from Sutherland Springs to San Antonio, and that she was hurt while alighting from the train at San Antonio, but denied that appellant was guilty of negligence as alleged. The cause was tried by a jury, and resulted in a verdict and judgment for appellee in the sum of $10,000. The necessary conclusions of fact will be found in connection with the discussion of the assignments of error.

[1] The first, second, and third assignments of error are overruled. The trial judge not only, in his charge, instructed the law in regard to the accident being caused by appellant negligently permitting fruit to lie on its platform, which caused Mrs. Bibb to

---

slip, but gave two special instructions of appellant to the effect that the jury must find that there was a piece of fruit on the platform or steps, and that appellee's wife was thereby caused to slip, or they should find for appellant, and the court did not err in refusing to state the same matter in other special charges.

[2] The testimony of Clarence McKee was to the effect that there was fruit lying on the platform, from which Mrs. Bibb stepped, when the car left Lavernia; also that the platform was wet. We know nothing of the character or reputation of the witness, and, if we did, we have no authority to reject his testimony, when the jury must have credited it and based the verdict thereon. There was other evidence tending to show that there was fruit on the platform and that appellee's wife slipped on it. Ackerman testified that he saw the fruit roll off the platform just as Mrs. Bibb fell, and appellant swore that he saw the fruit on the bottom step in a mashed condition, and that he saw a greasy place that he believed the fruit had made. The evidence was, if true, sufficient to sustain the finding of negligence. If the platform was wet and the fruit lying on it at Lavernia, appellant's employés should have discovered its condition before reaching San Antonio, and have removed the same from the platform.

[3, 4] The facts in the case of Railway v. Jones, 103 Tex. 187, 125 S. W. 309, are not parallel to the facts in this case. In that case a brakeman stepped off the footboard of a slowly moving engine, for the purpose of changing a switch, and was thrown on the track and injured by a bolt lying on the track rolling under his foot. There was nothing to indicate when the bolt was put on the track, nor how long it had been there. In this case fruit and water were allowed to remain on the platform from which passengers would alight at their destination during the time, at least, that the train was running from Lavernia to San Antonio, a distance of 25 or 30 miles. The rule as to knowledge of a thing that causes an accident is that it must have been known to the defendant or must have been in existence for such length of time as to justify the inference that the failure to obtain knowledge was negligence. The least inspection of the platform would have revealed its condition to the conductor, brakeman, or porter, and would have suggested the danger of leaving it in such condition as it was shown to be. The railroad company was charged with knowledge of the condition of the platform. Railway v. Wisenor, 66 Tex. 674, 2 S. W. 667; Railway v. Jones, herein cited. The cases cited by appellant are those in which the plaintiffs were employés, and the degree of care as between carrier and passenger is of a higher degree than that between master and servant. The highest degree of care is required of the carrier of passengers, while ordinary care is the test of negligence between master and servant. The exercise of even ordinary care would probably have averted the accident in this case.

[5, 6] The charge requested as to the miscarriage of Mrs. Bibb having been procured by a physician was properly refused. There was no testimony tending in the slightest to show that any physician had caused the miscarriage. The fact that the physician admitted that he was under indictment in the federal court, charged with sending through the mail letters soliciting practice as an abortionist, would have no tendency to show that he caused Mrs. Bibb's miscarriage. He swore positively that the miscarriage took place before he visited Mrs. Bibb. The requested charge would have prevented a recovery by appellee, even though it had been absolutely necessary to procure a miscarriage to save the life of the woman. The charge was properly refused.

[7] The eighth assignment of error is overruled. The charge given by the court as to the measure of damages has been often approved. Railway v. Lacy, 86 Tex. 244, 24 S. W. 269; Brunswig v. White, 70 Tex. 504, 8 S. W. 85; Railway v. Baumgarten, 31 Tex. Civ. App. 253, 72 S. W. 78.

[8] There was evidence to the effect that Mrs. Bibb fell from the platform on account of her feet slipping from under her, and struck the steps of the car with such force as to render her unconscious for hours; that a miscarriage was produced; that her limbs and back had been so injured that she had never been able since the injury to walk without assistance; that she had been so injured that she was unable to retain the urine. She was a robust woman, about 17 years of age, when injured, and, according to the testimony of the two doctors who testified, she is in a pitiable condition, which will probably be permanent. And yet appellant contends that there was no evidence. She swore that she suffered all the time. She cannot stand on her legs without the aid of crutches. If the testimony be true, Mrs. Bibb has been transformed from a healthy young woman into a helpless invalid. The verdict is not excessive. The seventh, eighth, and ninth assignments of error are overruled.

[9] There was sufficient testimony as to the earning capacity of the wife as to justify the submission of that question to the jury. Appellee swore that before the injury his wife did the household work and helped him in his office, but since her injury she is not able to do anything, and a nurse is employed to take care of her. Railway v. Lacy, 86 Tex. 244, 24 S. W. 269, and authorities therein cited; Railway v. Cruseturner, 44 Tex. Civ. App. 181, 98 S. W. 423; Railway v. Mullins, 44 Tex. Civ. App. 566, 99 S. W. 433; Hall v. Immigration Association, 53 Tex. Civ. App. 592, 116 S. W. 831. The jury could pass upon what the services of the wife were worth, although there was

no direct testimony as to their value. Posener v. Long, 156 S. W. 591.

The judgment is affirmed.