## NORMAN AUSTIN v. JOHN TALK.

Where fraud or misrepresentation is alleged, the facts constituting it should be stated.

Where a carrier gave a bill of lading for goods in good order, and the consignee required him to pay damages which they agreed the goods had sustained, and the consignee gave to the carrier a certificate that the goods must have been wet when received by the carrier, to induce the intermediate consignees to find out where the goods had been wet; the carrier having sued the consignee, first named, to set aside their settlement, alleging fraud, &c., it was held that the latter was not merely not concluded by his said certificate of opinion, but that the *prima facie* case made in his favor by the settlement, was not affected thereby; there being no evidence that the settlement was not a real transaction.

The verdict in this case held to be contrary to the evidence, and the judgment reversed, notwithstanding the appellant had had two new trials.

Where the Court in instructions to the jury, submits issues upon which there

has been no evidence, and it is not clear that the jury have not been thereby misled, the judgment must be reversed.

Error from Bell. Tried below before the Hon. R. E. B. Baylor.

*E. Walker*, for appellant, cited 1 Story, Eq. Sec. 131 and note (1) p. 153; Sedgw. on Dam. 451; Edward v. Todd, 1 Scam. R. 463; Leech v. Baldwin, 5 Watts, 446, and argued that there was no evidence that the settlement had been obtained by fraud.

*Hancock & West*, for appellee. There is but one question in this case, Were the goods damaged before or after they came into the possession of the appellee? If after, there is no doubt of his liability. If before, he is clearly not responsible. This is not then a question of law, but of fact. It was for the jury to determine.

The testimony was conflicting and contradictory, and they were the best judges of it. They decided the question, that the goods were damaged before they came into the possession of the appellee. They decided the question three times in favor of appellee.

ROBERTS, J. This is an action brought by Talk to recover of Austin two hundred and forty-two $\frac{37}{100}$ dollars, for hauling two wagon-loads of goods from Lavacca to Belton. Austin answered that, the goods being greatly damaged, when delivered by Talk, a compromise and settlement took place between them in relation to the freight and damage, and that Talk promised to pay Austin forty dollars over and above the amount of the freight for said damages, and that a receipt for the freight was then executed by Talk. It is alleged by Talk that this receipt was procured from him by Austin by fraud and misrepresentation.

The facts which constituted the fraud and misrepresentation are not disclosed; and although defendant below excepted specially to this vague statement, no action of the Court was had on the exception. This it is believed engendered whatever of perplexity and difficulty have attached to the case in three trials. Talk has obtained three verdicts in his favor; upon the last one of which the Court rendered the judgment, which is brought into this Court by appeal.

It will be unnecessary to consider the obligation of common carriers, or any other branch of the case than that involved in the effort to set aside the receipt given upon settlement, for fraud and misrepresentation.

That the goods were wet and greatly injured was clear; that Austin was entitled to damage from some one was equally clear; and Talk, having given a clear bill of lading on receipt of these goods, was *prima facie* responsible for the damage. The damage was estimated by the parties themselves to be over three hundred dollars (subsequent examination showed it to be much more.) This damage, thus ascertained and acknowledged, would have been a good set-off against the freight, had nothing been done. (Sedgwick on Dam. 451.) But the parties went further, and concluded the matter by agreeing to set off the freight against the damage *pro tanto*, leaving a balance due on the damage, of eighty dollars, which Austin agreed to reduce to forty. Talk then expressed himself fully satisfied with the settlement, and offered to pay the balance due Austin in oxen. About the facts thus far there is no dispute. And, if the case rested here, there could be no doubt that the settlement would be conclusive between the parties. (1 Story, Equity Jur. Sec. 131; 1 Smith, Lead. Cases, 470.)

It rests upon Talk to show the fraud and misrepresentation by which he is to relieve himself from this receipt thus given. That concludes him until he shows facts which make it void.

He does not state any particular facts, but the evidence develops two circumstances which deserve some notice in this connection. 1st. After the settlement Talk procured Austin with others, to sign a declaration of opinion that the goods must have been wet when received by Talk. This was evidence tending to show that Talk was not liable for the damage to the goods; and if it had been conclusive as against Austin on the trial, it would not by itself have been sufficient to set aside the settlement. For at the time of the settlement, appearances were strongly against Talk, and he procured what then must have been regarded a favorable compromise fairly made. But then Austin was not precluded by this statement. It was made for a particular purpose, to wit: to induce the consignees at Lavacca to find out when the goods had been wet, and it was obviously signed for the benefit of Talk as evidence to the consignees at Lavacca that the goods were not in good order when they parted with them.

The question may be asked, Has Talk made it clear, even with this declaration in his favor, that the goods were damaged before he received them ? The evidence is as strong on both sides of this question as it well can be, and therefore it is left in great doubt when the goods were wet; the preponderance is against Talk rather than in his favor. He must not expect to set aside a solemn act of his own by the assertion of a fact, the truth of which is left in doubt by the proof.

2d. It is stated by John Nance, witness for appellee, that he was present when Talk gave Austin his receipt; that Austin represented that it was necessary for Talk to give the receipt in order to give him, Talk, recourse upon E. Nash & Co., for the amount of said receipt. (Said E. Nash & Co. were the consignees at Lavacca.) From this it might be inferred that the receipt was not a part of a real transaction, but that it was given for a collateral purpose, and not intended to operate as between the parties. Such inference, however, is put to flight by the testimony of the same witness on cross-examination. He says : "Talk and Austin assessed the damage of the goods which amounted to about $300. Talk asked Austin if he would take oxen to pay damages. Austin refused. Austin and Talk expressed satisfaction of settlement, at the time it was made. Talk told Austin that he felt grateful to him, that he had been liberal to him in the settlement."

There is no other testimony tending in the slightest degree to prove fraud or misrepresentation by Austin or any of his agents in this matter.

We think the verdict of the jury is without evidence, and although it is the third verdict in favor of appellee, as it was not rightfully obtained, it should be set aside. (Luckett v. Townsend, 3 Tex. R. 133.)

The plaintiff below asked the Court to charge the jury, in substance, that if Austin signed the declaration, as to the goods being damaged, before Talk received them, in order to induce Talk to sign the receipt, and he signed the receipt in ignorance of his rights, they must find for the plaintiff (Talk.)

This was asked and given three times on the same trial, with a slight variation in the verbiage.

It should have been refused, for there was no evidence tending to show that Austin offered that, or any other inducement, to Talk, to give him the receipt. Nor was there any evidence tending to establish that he was ignorant of his rights, or of any

of the facts on which they depended. The charge, being so often repeated, was calculated to leave an impression that there were such facts, and thereby mislead the jury. We think the judgment is erroneous, and will therefore reverse it, and remand the cause.

Reversed and remanded.