## S. A. COOK ET AL. v. J. DENNIS ET AL.

(Case No. 1750.)

1. STATUTE CONSTRUED.— The object of the statute (R. S., 4794) was to relieve the plaintiff from proving a trespass when the defendant had answered to the merits, but it was never intended to relieve the plaintiff from the necessity of showing title in himself to the land he may seek to recover.

2. EVIDENCE — GRANT — SURVEY.— In trespass to try title the plaintiff read from the original field notes of the surveyor, made out in the English language, which contained the courses and distances in meandering a stream which bounded the survey, and which were translated into the grant, which was in the Spanish language. The date of the survey, as shown by those field notes, was five months before the extending of the title, and before an order of survey issued. Held, that the commissioner for extending titles, having recognized and acted on the survey, the evidence was admissible if it tended to a more certain identification of the land embraced in the grant.

3. CHARGE OF COURT.— It is cause for reversal of a judgment, when issues have been submitted by the charge of the court to the jury concerning which no evidence had been admitted.

4. LIMITATION.— It is indispensable to maintain the plea of limitation of five years, that the deed under which he who sets up that defense claims should have been duly registered; the registration of some deed or deeds in the chain of title will not meet the requirements of the statute. While this is true, one who entered under a deed to himself, duly recorded, may tack his own possession to that of his vendor, who also entered and held under a deed duly registered.

5. CONSTRUCTION OF LEGAL INSTRUMENTS.— It is error for a court to submit to a jury a question as to the legal effect of a written instrument.

Appeal from Lamar. Tried below before the Hon. R. R. Gaines.

Trespass to try title brought against appellees April 1, 1873. Appellants claimed through a grant to John Taylor, October 12, 1835, by George W. Smythe, special commissioner, and by mesne conveyances under it. Appellees claimed separate portions of the land through several junior patents and mesne conveyances, and relied upon limitations of three, five and ten years. Verdict and judgment for appellees.

The errors discussed are indicated in the opinion.

*Hare & Head,* for appellants, cited: San Antonio v. Lane, 9 Tex., 71; Daugherty v. Knolle, 44 Tex., 459; Weir v. McGee, 25 Tex. Sup., 20; 1 Greenl., sec. 277, and note; id., sec. 49; Oliver v. Chapman, 15 Tex., 407; Smith v. Lipscomb, 13 Tex., 536; Willis v. Morrison, 44 Tex., 27; 13 Tex., 628; 9 Tex., 529; 3 Tex., 211; R. S., 1361; Rules District Court, 53, 54; Evans v. Womack, 48 Tex., 230; Welder v. Carroll, 29 Tex., 317; Stafford v. King, 30 Tex., 257; Stroud v. Springfield, 28 Tex., 649.

*Maxey, Lightfoot & Denton* and *Hale & Scott,* for appellees.

Watts, J. Com. App.— Before the Revised Statutes took effect the burden was upon the plaintiff not only to establish title to the land sought to be recovered, but also to show that the defendant was guilty of the alleged trespass; that is, that he was either in possession or else asserting a claim to the land. Evidently the object sought to be accomplished by the statutory provision referred to was, in cases where the defendant had answered to the merits, to relieve the plaintiff from showing the trespass. It was never intended that the plaintiff should be relieved of the burden of establishing title to the identical land sought to be recovered.

Obviously the finding of the jury was not founded upon the issues of limitation, for some of the defendants had not asserted that defense. It must have been that the jury were not satisfied that the Taylor grant did include the land described in the petition. There is no reason for the supposition that the jury believed that the grant was void; on the contrary, the court charged that it was a valid grant, and gave title to the land embraced within the boundaries therein given. To aid in the identification of the land, appellant offered to read as evidence a certified copy of the original field notes of the survey. It seems that these field notes were made out in the English language, and passed to the commissioner for

extending grants; that they were translated into the Spanish language, and, as thus translated, were incorporated into the grant. The courses and distances along the meanders of the river, as given in the original, were omitted in the translation. Therefore, it was to supply the omission and to aid the grant that the certified copy was offered in evidence. These original field notes were archives in the general land office, and would ordinarily be admissible in aid of the grant. But the objections urged in this case, and upon which the court acted in excluding the evidence, were these: The survey was made some five months prior to extending the grants, and was made prior to the order of survey. At that early period, the practice of making the survey, and afterwards obtaining the order of survey, generally prevailed. While such proceedings might not have been strictly regular, such irregularity has never been considered as affecting the validity of the survey or the grant based thereon. The commissioner for extending grants having recognized the survey by extending the grant, it was not a valid objection to the admission of the certified copy that the survey was made before the order of survey, and previous to extending the grant. This rejected evidence would, to some extent at least, tend to establish the identity of the land embraced in the grant, and ought to have been admitted.

The charge of the court must agree with the allegations and proof, and it has been held a reversible error to submit to the jury issues to which no evidence has been adduced. Austin v. Talk, 20 Tex., 164; Smith v. Montes, 11 Tex., 24; Andrews v. Smithwick, 20 Tex., 111.

To sustain the defense of five years' limitation it is essential that it must be made to appear that the deed or deeds under which the party claims, and upon which the defense is predicated, must be duly registered. It is not sufficient for that purpose to show that some deed in the chain of title, or purported chain of title, under which the party claims, was duly registered, but the deed under which he claims must be duly registered.

The statute gives the true owner the right to maintain his action at any time within five years after the adverse possession, with all the concurrent requisites, has commenced. And these requisites must all exist and unite to constitute notice of the adverse possession and claim. The fact that B. is in the actual possession of land, asserting a claim thereto, to which A. has a recorded deed, would not constitute the requisite notice that he was claiming under A.'s deed. To sustain this defense the adverse occupant must keep his

own flag flying. He cannot make the port by sailing under the colors of another. R. S., art. 3193; Porter *v.* Chronister, 58 Tex., 55; Medlin *v.* Wilkins, decided at the Tyler term, 1883 (60 Tex., 409).

In this case there was no evidence that the deeds under which the appellees entered and claimed the land had ever been recorded. Hence there was no evidence to authorize the court to submit the issue of five years' limitation to the jury.

It was held in Medlin *v.* Wilkins, *supra,* that the party in possession under a deed or deeds duly registered might tack the possession of those from whom he purchased to his own possession so as to complete the bar, provided these possessions were each accompanied by the requisites of the statute, were consecutive and in privity, and no break had occurred in the possession.

No rule of law is more firmly settled than that written instruments must generally be construed by the court. Certain exceptions may exist to this general rule, but they are not material in this case. It is the province and duty of the court to construe and determine the legal effect of written instruments, and it is error for the court to submit such issues to the jury. San Antonio *v.* Lewis, 9 Tex., 71; Shepherd *v.* White, 11 Tex., 346. In this respect the court, in part, failed to construe the legal effect of the muniments of title introduced in evidence.

On account of the errors indicated we conclude that the judgment ought to be reversed and the cause remanded.

Reversed and remanded.

[Opinion adopted March 4, 1884.]