## G., H. & S. A. R'y Co. v. Augusta Faber.

(Case No. 2013.)

1. NEGLIGENCE OF FELLOW-SERVANT.— A railway company is not liable for damages caused by injury to one of its employees on a train, and which resulted from the negligence of another employee of such company on the same train, unless it be made to appear that proper care was not used in selecting such other employee, or that he, being incompetent or negligent, that fact was known to the company.

2. CHARGE OF COURT.— In a suit for damages, which could only be recovered by showing that a defendant railway company was liable on account of the negligence of one of its employees, a charge of the court which directed the jury to inquire whether such negligence existed, when there was no evidence tending to show its existence, was error, and calculated to mislead.

APPEAL from Colorado. Tried below before the Hon. Everett Lewis.

*E. P. Hill*, for appellant.

*Foard & Thompson*, for appellee.

STAYTON, ASSOCIATE JUSTICE.— The deceased son of the appellee, being an employee of the railway company as a fireman, she could not recover for the negligence of a brakeman, unless it appeared that the appellant did not use proper care in selecting the brakeman through whose negligence it is claimed the injury resulted, or unless it appears that after his employment he was incompetent or negligent and that this was known or might have been known to the appellant by the exercise of due care.

It is claimed that the negligence of the brakeman, Riley Mason, caused the injury.

The evidence offered all tends to show that when the train went upon the side track, the switch was properly so adjusted by Mason as to permit trains going east and west to pass over the main track, and so as to prevent such trains from going upon the siding.

There is no conflict upon this question.

The evidence further tends to show that after the switch was so adjusted, it was not changed by Mason, and there is no conflict in this respect.

By whom or how the switch was afterwards so adjusted as to permit the west bound train to go upon the side track, and thus cause the collision from which resulted the death of the son of appellee, is not made to appear.

The burden of proving that this was done by some person for whose negligence the appellant would be responsible, or that it resulted from such cause as would render the appellant liable, was upon the appellee.

Such being the proof, the court should not have given a charge which directed the jury to inquire whether the injury resulted from the negligence of the brakeman Mason.

A charge of this kind, by which the attention is called to the acts of a named person, is calculated to impress the jury with the belief that in the opinion of the judge there was evidence from which they were authorized to find that the injury was caused by the person named.

When the evidence does not justify a charge it should not be given.

This view of the case renders it unnecessary to consider whether the brakeman Mason was shown to be incompetent, and if so, whether the railway company had used due care in his selection, or in his retention in its employment; and for the same reason, it becomes unnecessary to consider the other charges complained of.

There being no evidence to justify the giving of the charge referred to, it was error to give it, and the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered February 17, 1885.]