90  585
36a 211

90  585
98a 501

MATHIASON, *Appellant,* v. MAYER *et al.*

**Negligence :** PROXIMATE CAUSE : PLEADING : PRACTICE. Negligence is not actionable unless it is the proximate cause of the injury complained of. And a demurrer to a petition for damages for the negligent burning of plaintiff's house by fire communicated from defendants' building, is properly sustained where the only act of negligence charged is that defendants built a wooden building with all of its sides closed, in violation of a city ordinance. This act was not the proximate and immediate cause of the injury.

*Appeal from St. Louis City Circuit Court.*—HON. W. H. HORNER, Judge.

AFFIRMED.

*M. F. Watts* for appellant.

The petition stated a cause of action; the court erred in sustaining the demurrer. Addison on Torts, 302, 303, *et seq. ;* Cooley on Torts, 589, and authorities cited.

*Broadhead & Haeussler* for respondents.

"Negligence is not actionable, unless it is the proximate cause of the injury complained of." Sedg.

Meas. of Dam. sec. 9; *Harlan v. Railroad*, 65 Mo. 25; *Henry v. Railroad*, 76 Mo. 293. If defendant violated any city ordinance he is liable to the city; if there was such a violation plaintiff could have had him prosecuted. The building was not a nuisance. The only negligence charged against defendants is that they erected a frame house, closed in on all sides, instead of being open on one side. This was not the proximate and immediate cause of the injury.

Norton, C. J.—This case is before us on plaintiff's appeal from the judgment of the circuit court of the city of St. Louis sustaining a demurrer to his petition. The petition substantially alleges that defendants are co-partners; that the city of St. Louis has full and complete authority and power, by its charter, to regulate, restrain and prohibit the erection of frame or wooden buildings within its corporate limits, and in pursuance of such authority enacted an ordinance, regulating the erection and construction of wooden and frame buildings; that, after the adoption of this ordinance, appellant, relying on the protection secured to him thereby, erected a building within the corporate limits of said city, and in compliance with the provisions of said ordinance; after the passage of this ordinance, which prohibited the erection or construction of a frame or wooden building, except the same be open on one or more sides, the respondents erected on a lot adjacent to the said building of appellant a wooden building in violation of, and contrary to, the provisions of said ordinance, and on May 15, 1884, appellant's said building and its contents were burned and destroyed by fire communicated directly thereto from the said building of respondents, so erected and maintained in a negligent and careless manner, and in violation of, and contrary to, the provisions of said ordinance; and that the fire originated in the building of respondents through their care-

lessness, and negligence, and because their said building was erected and maintained in violation of, and contrary to, the provisions of said ordinance ; that appellant's building was destroyed without any fault or negligence on his part, and that the direct and proximate cause of the destruction of his property was the negligent and careless manner in which respondents erected their said building in violation of, and contrary to, the provisions of said ordinance, in that said building was erected with all of its sides closed, so that the fire had so originated therein, through the carelessness and negligence of defendants, that the fire department of said city could not extinguish it, nor prevent it from communicating to and destroying plaintiff's house.

We are of the opinion that the demurrer to this petition was properly sustained, for the reason that the only *act* of negligence averred against defendants, is that of building a wooden or frame building with all of its sides closed, in violation of the city ordinance, *which act* was not the proximate and immediate cause of the injury complained of, it being well settled that negligence is not actionable unless it is the proximate cause of the injury complained of.    Sedg. on Dam., sec. 9.

Judgment affirmed, in which all concur.