GULF, COLORADO & SANTA FE RAILWAY COMPANY V. J. C. ROWLAND.

Decided January 28, 1897.

90  365
f90  634

1. Negligence—Proximate and Remote Cause.

Where, in a suit to recover for injuries received by a railway passenger in leaving the train, the issues presented by the pleading and evidence were: (1) were the servants of the company negligent in putting the train in motion while plaintiff was in the act of dismounting? (2) was the plaintiff guilty of negligence in attempting to alight after the train was set in motion? plaintiff, if negligent, directly contributed to his injury; and it was error to charge that plaintiff's negligence, in thus leaving the car, must have proximately contributed to his injury in order that it should prevent a recovery. (Pp. 368 to 370.)

2. Injury to Passenger Leaving Train—Charges.

See charges, given in case of injury to passenger leaving train, held to properly present the issues of defendant's negligence and plaintiff's contributory negligence, and charges requested on such issues held properly refused. (P. 371.)

3. Evidence—Habit or Disposition, to Corroborate Declarations.

Evidence of plaintiff's disposition to brag of his physical strength was not admissible to corroborate evidence of declarations by him as to his strength after receiving alleged injuries. (P. 371.)

ERROR to Court of Civil Appeals, Third District, in an appeal from Lampasas County.

The following charges were given by the trial court:

5. If from the evidence you find that plaintiff was traveling on defendant's train at or about the time alleged, and in an attempt to get off of said train at Lometa was injured; and that said injury was caused by the negligence of defendant's agents and servants in negligently, carelessly and suddenly moving their said train without having stopped a sufficient length of time to enable plaintiff to get off with safety, then you will find for plaintiff and assess his damages as hereinafter instructed, unless you find from the evidence plaintiff's own negligence contributed to the injury; and it devolves upon defendant to prove contributory negligence. If on the other hand, from the evidence, you do not believe that plaintiff was injured at the time and place alleged; or if you believe from the evidence that if he was injured, that the injury was caused by his own negligence, or of both plaintiff and defendant's servants together, then you will find for defendant and say so by your verdict.

6. It was the duty of defendant's employes to stop the train a sufficient and reasonable length of time to allow the plaintiff to get off of the train, and whether or not the train did stop such a length of time, you must decide from all the facts in evidence before you.

7. If you find from the evidence that defendant's train stopped a sufficient length of time to enable plaintiff to leave it, and further find that plaintiff neglected to leave while so stopped, but carelessly and negligently jumped from it after it was put in motion, and that by reason of so leaving the train, the injury (if any) was caused, then he would not be entitled to recover.

8. If, however, you believe from the evidence that the plaintiff, in leaving the car in the manner in which the evidence shows that he did leave it, took no more risk in so doing than a man of ordinary prudence would have taken under similar circumstances, then he would not have been guilty of contributory negligence.

9. If from the evidence you believe that the defendant's servants were guilty of negligence in starting the train too soon, as alleged, yet, if from the evidence you believe that plaintiff was also guilty of negligence in the time and manner of his leaving the train, and that he would not have sustained any injury, if you believe that he sustained such injury, if he had not himself been guilty of negligence which directly contributed to the alleged injury, then you will find for the defendant, although you may believe that the train did not stop long enough for the plaintiff to get off.

Other instructions given are copied in the opinion, and the briefs of counsel give the substance of instructions requested and refused.

*Matthews & Wood, J. W. Terry* and *Chas. K. Lee*, for plaintiff in error. —The trial court should have given special charge No. 21, requested by defendant, to the effect that unless the train was started with a jerk, and such jerk or sudden start was the cause of plaintiff's fall and injury, the jury should find for defendant,—that being the only act of negligence alleged except failure to stop a sufficient length of time, which last, if established, was not a proximate cause of the injury. Railway v. Leslie, 57 Texas, 86.

The court erred in telling the jury that there could be a recovery on behalf of plaintiff, under the facts of this case, even if he was guilty of contributory negligence; and in telling them that in his opinion there was a theory of the case that would justify the finding that the plaintiff was guilty of negligence, but that such negligence did not contribute to the injuries complained of, when, in fact, there was no such theory. Railway v. Tierney, 72 Texas, 312; Williams v. Conger, 49 Texas, 602; Railway v. Welsch, 27 S. W. Rep., 166.

The seventh paragraph of the court's charge was erroneous in that it enabled plaintiff to recover, if found to be free from contributory negligence, though the train had stopped a sufficient length of time. Railway v. Conroy, 83 Texas, 216; Railway v. Allbright, 26 S. W. Rep., 251; Baker v. Ashe, 80 Texas, 361; Railway v. Robinson, 73 Texas, 277.

The charge of the court was erroneous in submitting and resubmitting to the jury, affirmatively and directly, the right of plaintiff to a verdict if defendant was guilty of negligence, and nowhere affirmatively and directly submitting to the jury the right of defendant to a verdict if not guilty of negligence, save with the qualification that they found plaintiff guilty of contributory negligence. Railway v. Harriett, 80 Texas, 80; Land Co. v. Gardner, 25 S. W. Rep., 739.

It was error to submit to the jury the question of defendant's knowledge that plaintiff was about to disembark from the train, in the absence

of evidence upon that issue. Railway v. French, 86 Texas, 96; Denham v. Lumber Co., 73 Texas, 84.

It was error to declare the failure to do a thing not required to be done by statute to be negligence, by instructing the jury that it was defendant's duty to stop the train a sufficient and reasonable length of time to allow the plaintiff to get off. Railway v. Murphey, 46 Texas, 367; Railway v. Roberts, 20 S. W. Rep., 961; Railway v. Grubbs, 26 S. W. Rep., 326; Railway v. Dyer, 76 Texas, 159; Railway v. Pendery, 27 S. W. Rep., 213; Railway v. Smith, 28 S. W. Rep., 524; Railway v. Wylie, 89 Texas, —; Dillingham v. Parker, 80 Texas, 572; Railway v. Underwood, 64 Texas, 469 ; Railway v. Gross, 21 S. W. Rep., 186; Railway v. Davis, 4 Texas Civ. App., 477; Paulitsch v. Railway, 26 Am. & Eng. R. R. Cases, 162; Railway v. Gaither, 35 S. W. Rep., 179.

It was error to charge that in this case it devolved upon the defendant to prove contributory negligence, because all the facts and circumstances were before the jury and a charge on the burden of proof was misleading and calculated to be prejudicial. Blum v. Strong, 71 Texas, 324; Moberly v. Railway (Mo.), 11 S. W. Rep., 570; Railway v. Geiger, 79 Texas, 13; Tel. Co. v. Bennett, 1 Texas Civ. App., 559.

It was error to charge that plaintiff was not guilty of contributory negligence, if, in leaving the car in the manner in which the evidence showed that he did leave it, he took no more risk than a man of ordinary prudence would have taken under similar circumstances.

The court erred in excluding the evidence of defendant's witness Buchanan that plaintiff was a man inclined to brag about his strength. It was relevant in corroboration of the testimony of defendant's witnesses as to his boasting of his physical strength after his alleged injury.

*C. B. Randell*, for defendant in error.—The 21st special charge was properly refused, because, (1) It erroneously confined appellee's right of recovery to only one of the two grounds upon which he sought a recovery, to-wit, that the train was started with a sudden jerk throwing appellee off. (2) Although appellee may have jumped off of the train still he might recover, unless he negligently jumped off; therefore the charge was misleading. In this respect the charge denied his right to recover, if he attempted to jump off of the train, whether such attempt was negligent or not. (3) Any part of such charge that was proper had already been given in the charge of the court. Railway v. Bingham, 2 Texas Civ. App., 278; Railway v. Geiger, 79 Texas, 13; Railway v. Le Gierse, 51 Texas, 202; Railway v. Hassell, 62 Texas, 256; Railway v. Cantrell, 8 Am. & Eng. R. R. C., 202; Railway v. Bonifield, 8 Am. & Eng. R. R. C., 493.

The negligence of appellee, if any, must have contributed directly and proximately to his injury, or he would be entitled to recover. If he was negligent, but such negligence was the remote and not the proximate cause of his injury, he would be entitled to recover. That was the law on the issue of contributory negligence, and it was the duty of the court

to give it in charge to the jury, and it was for the jury to say whether the evidence of contributory negligence, if any, showed it to be the proximate or only the remote cause of appellee's injury. Railway v. McClain, 80 Texas, 85; Railway v. Ormond, 64 Texas, 485; Railway v. Gorbett, 49 Texas, 573; Wood on Mas. & Ser., p. 638.

Appellant was bound to allege and prove contributory negligence, unless appellee's own allegations and proof established such negligence. Railway v. Watson, 72 Texas, 631; Railway v. Spicker, 61 Texas, 427; Railway v. Bennett, 76 Texas, 151; Murray v. Railway, 73 Texas, 2.

GAINES, Chief Justice.—Defendant in error brought this suit against plaintiff in error to recover damages for personal injuries, and obtained a judgment in the District Court, which was affirmed in the Court of Civil Appeals. To reverse the judgment in the latter court, the plaintiff in error has applied for and obtained this writ of error.

In his amended petition the plaintiff below, after averring that he became a passenger on defendant's cars, destined to a certain station on its line known as Lometa, proceeded to set forth the specific acts of negligence of which he complained, in the following language: "Plaintiff alleges that when said passenger train, arrived at the station, Lometa, it being night, and very dark, notice was given by the conductor of said passenger train to plaintiff of the arrival of said train at said station; and plaintiff was notified by him to get off and alight from said train. That immediately after said notice, said passenger train stopped at said station, and plaintiff, believing that he could have sufficient time to safely alight from said train, attempted to do so. That while plaintiff was so engaged, in a careful and proper manner, in attempting to alight from said train, and while he was in the act of so doing, the defendant's agents and servants in charge of said train, without any fault or negligence on the part of plaintiff, knowing the situation of plaintiff, so negligently and carelessly conducted themselves in the management and handling of said train and the engine thereof that said engine and train was suddenly moved and jerked, and without stopping a sufficient length of time in which to allow plaintiff to alight therefrom with safety, was started and put in motion, thereby causing plaintiff to fall and be violently thrown a great distance against the station, depot, platform and ground, whereby plaintiff was seriously, painfully and permanently injured." No other negligence is charged in the plaintiff's pleading.

The defendant, after pleading a general denial, answered specially in substance, that if the plaintiff was injured at all, his injury was caused by his own negligence "in jumping from" the train while it was in motion.

The plaintiff testified in effect that when the train reached the station he proceeded to leave it without unnecessary delay, and that, as he was descending the steps of the coach, the train was suddenly set in motion, and that he was thrown upon the depot platform and seriously injured. On the other hand, there was testimony tending to show that the train

stopped a sufficient time for him to have left the car, and that, when he did attempt to alight, the train was in motion and had moved some twenty or thirty feet.   Therefore the issues were sharply presented, both by the pleading and the evidence:   (1) Were the servants of the company negligent in putting the train in motion while the plaintiff was in the act of dismounting? and (2) was the plaintiff guilty of negligence in attempting to alight after the train was set in motion?   So far as we can see, there was no question of proximate cause involved in either issue.   If the train was negligently started while the plaintiff was in the act of leaving the coach, and if he was by reason thereof thrown down and injured, and if he himself was not negligent, he was clearly entitled to recover.   On the other hand, if his act in attempting to alight from the train was negligent, it immediately and directly contributed to the resulting injury, and he was not entitled to a verdict.   Such being the issues, the court after having given charges which presented all the phases of the case, and which appear to us not subject to objection, proceeded to extend or qualify them by additional instructions, among which are the following:

"The specific allegation of negligence on the part of defendant, is that at said station of Lometa, while plaintiff was engaged in a careful and proper manner in attempting to alight from said train, and while he was in the act of so doing, the defendant's agents and servants in charge of said train, without any fault or negligence on the part of plaintiff, knowing the situation of plaintiff, so negligently and carelessly conducted themselves in the management and handling of said train and the engine thereof, that said engine and train were suddenly moved and jerked, and, without stopping a sufficient length of time in which to allow plaintiff to alight therefrom with safety, was started and put in motion, thereby causing the plaintiff to fall and be violently thrown a great distance against the station, depot, platform and ground, whereby the plaintiff was injured as set forth in his petition.   If plaintiff without any negligence on his part proximately contributed to the injury (if any) was injured by such alleged negligence on the part of defendant's servants, then, if you so believe from the evidence, you should find for plaintiff. If, on the contrary, you believe that defendant's servants were guilty of the said alleged negligence in suddenly moving said train, but you further believe from the evidence that if plaintiff had used the ordinary care and prudence that men of ordinary care and prudence generally would have used under similar circumstances, he could, or probably would have avoided the injury—if any was sustained—then he is not entitled to recover in this case.   Or if you believe from the evidence that the train was suddenly started as alleged, and had not stopped a sufficient length of time to allow plaintiff to alight from the train as alleged, and that at the time plaintiff left the train it was in rapid motion, and that the plaintiff recklessly and negligently leaped from, or left the train—or that his act of leaving the moving train was such as a man or ordinary care and prudence would not have done in view of the circumstances. and that his

thus leaving the train was the proximate cause of the injury, and that his want of care directly contributed to the injury, then if you believe the injury (if any) was sustained under these circumstances, you must find for defendant.

"This, or the immediate foregoing paragraph of this charge, in short, means that a passenger upon a steam car, who voluntarily and without cause exposes himself to danger by attempting to get off of a car in motion cannot recover for injuries thus sustained, if his negligence proximately contributed to his injuries.    But the mere fact of negligence on the part of plaintiff would not defeat his right to recover, if he otherwise had such right; but the negligence or want of care on his part in thus leaving the car must have proximately contributed to the injury.    In other words, if the defendant's negligence was the direct and proximate cause of the alleged injury, and the plaintiff's negligence was the remote cause of the injury, then plaintiff's right to recover (if he otherwise had any) would not be defeated by such negligence.

"Whether there was recklessness or negligence on the part of plaintiff in leaving the car under the facts before you, and that leaving was the proximate cause of his injury, or whether defendant's agents and servants were guilty of negligence in the manner alleged, and whether such negligence was the proximate cause of injury to plaintiff, you must determine from the evidence."

Proximate cause, literally, means the cause nearest to the effect produced, but in legal terminology the terms are not confined to their literal meaning.    Though a negligent act or omission be removed from the injury by intermediate causes and effects, yet if the party guilty ought reasonably to have foreseen the ultimate consequence, such negligence is deemed in law the proximate cause of the injurious effect.    The specific defense of contributory negligence was, as we have seen, that the plaintiff "jumped from the train" while in motion.    If he did so jump, and he was thereby injured, his act was the immediate cause of his injury, and hence there was no question of proximate cause involved in that issue.    Yet the instructions which we have quoted lay paramount stress upon the question of proximate cause in reference to the negligence of the plaintiff as charged in the answer, and present that question in a pointed manner in every possible phase of the case.    The jury are told distinctly, not only that if he was negligent and his negligence was the proximate cause of the injury he could not recover, but also that if negligent and his negligence was not the proximate cause of his injury, he could recover provided the defendant was negligent as alleged in the petition.    The instructions presented a question not made by the pleading and evidence, and their only effect, in our opinion, was to confuse and mislead the jury. We have recently held, in a very similar case, that such instructions are erroneous and require a reversal of the judgment, and we are still of that opinion.    (Railway v. McCoy, ante, 264.)    The testimony was in sharp conflict as to the plaintiff's negligence, and therefore we cannot say, that

the jury were not misled by the charge.   We therefore think that the judgment ought to be reversed.

There are other assignments of error which complain of the charge given, as well as of the refusal of instructions asked by the defendant. But we think the charge in other respects correct; that it fully covered the issues made in the case, and that there was no error in refusing the defendant's requests for special charges.

The proposed testimony of the witness Buchanan, which was objected to by the plaintiff and ruled out by the court, was, in our opinion, properly excluded.

The other questions raised by the assignments are of such a character that they will not probably arise upon another trial and therefore they need not be determined.

For the error pointed out, the judgment of the Court of Civil Appeals and that of the District Court are reversed and the cause remanded.

*Reversed and remanded.*

*C. B. Randell*, for defendant in error, in support of a motion for rehearing, contended:

First—Every case involving the issue of contributory negligence necessarily involves the issue of proximate cause.

Second—As to whether or not a passenger is guilty of negligence in being dilatory in alighting from a train, or in alighting from a train while in motion, is a question of fact for the jury, and is not negligence per se.

Third—If a passenger negligently loiters after his train has stopped at the station, or if he negligently leaves the train when the same is in motion, simultaneously or near the time when such train is suddenly started, moved or jerked, and there is a question as to whether the negligent loitering or leaving the train or the negligent moving or jerking of the train caused the injury, or whether it was caused by both, then the question of contributory negligence is raised; and the question being as to whether or not the negligence of the passenger proximately contributed to the injury, or whether the negligence of the railway company proximately caused the injury, the issue as to proximate cause would necessarily have to be submitted to the jury in regard to the negligence of each party. Beach on Con. Neg., 3, 7, 19, 24, 26; 2 Thomp. on Neg., 1148; Tuff v. Warman, 5 C. B. N. S., 573; Freer v. Cameron, 55 Am. Dec., 668; Railway v. Thomas, 79 Ky., 160; Railway v. Jones, 95 U. S., 439; Railway v. Hughes, 40 Pac. Rep., 919; Railway v. McCandliss, 33 Kan., 366; 16 Am. & Eng. Encycl. Law, 387, 388; 18 Id., 17, 19, 20; Webb's Pollock on Torts (Am. ed.), 573; Railway v. Leslie, 57 Texas, 87; Railway v. Danshank, 6 Texas Civ. App., 389; Neanow v. Uttech, 46 Wis., 587; Railway v. Ormonde, 64 Texas, 489; Railway v. McClain, 80 Texas, 96; Railway v. Buford, 2 Texas Civ. App., 117; Johnson v. Railway, 2 Texas Civ. App., 142; Wilburn v. Railway, 4 Am. Neg. Cases, 370; Mathiason v. Mayer, 90 Mo., 585; Morrison v. Railway, 130 N. Y., 166.

*Walton & Hill*, also in support of motion for rehearing, discussed Railway v. McCoy, 38 S. W. Rep., 36; Railway v. Wisenor, 66 Texas, 675; Railway v. Faber, 63 Texas, 344; Railway v. Gilmore, 62 Texas, 391; Cook v. Dennis, 61 Texas, 248; Andrews v. Smithwick, 20 Texas, 118; Austin v. Talk, 20 Texas, 167.

The motion for rehearing was overruled.