MISSOURI, K. & T. RY. CO. OF TEXAS v. HENDRICKS.

(Court of Civil Appeals of Texas. Dallas. March 22, 1913. Rehearing Denied Nov. 29, 1913.)

1. RAILROADS (§ 389*)—INJURIES TO PERSON NEAR TRACK—"PROXIMATE CAUSE."

The negligent construction of a railroad trestle over a street, but for which a lump of coal would not have fallen and injured plaintiff, driving below, was in law the proximate cause of the injury, since though negligence be removed from the injury by intermediate causes and effect, yet, where the one guilty of negligence ought reasonably to have foreseen the ultimate consequence, it is the "proximate cause."

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1319–1323; Dec. Dig. § 389.*

For other definitions, see Words and Phrases, vol. 6, pp. 5758–5769; vol. 8, p. 7771.]

2. RAILROADS (§ 398*)—INJURIES TO PERSON NEAR TRACK—SUFFICIENCY OF EVIDENCE — NEGLIGENCE.

In an action for injuries from a lump of coal falling upon plaintiff as he was driving underneath defendant's railroad trestle, evidence held sufficient to sustain a finding that the trestle was negligently constructed.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1356, 1358–1363; Dec. Dig. § 398.*]

3. TRIAL (§ 251*)—ACTION FOR INJURIES—INSTRUCTIONS.

In an action for injuries from a lump of coal falling from defendant's trestle over a street, where it was not charged that any particular part of the trestle was out of repair, but that as built it was inherently unfit for the protection of the public using the street, the refusal to charge as to the particulars in which the trestle was defective was proper.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

4. RAILROADS (§ 401*)—ACTIONS FOR INJURIES—INSTRUCTIONS—NEGLIGENCE.

In an action for injury from a lump of coal falling from a locomotive tender from defendant's trestle upon plaintiff riding beneath, where it appeared that it might have fallen over the railing of the trestle, a charge, limiting the jury to negligence from defendant's failure to board up the open spaces in the railing, was properly refused.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1382–1390; Dec. Dig. § 401.*]

Appeal from District Court, Grayson County; W. M. Peck, Judge.

Action by J. W. Hendricks against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

Alex. S. Coke, of Dallas, and Head, Smith, Hare & Head, of Sherman, for appellant. Wolfe, Wood & Haven, of Sherman, for appellee.

RASBURY, J. At a former term this case was affirmed without considering the assignments of error, for the reason that same did not comply with rules 24 and 25 (160 S. W. 438) recently promulgated by the Supreme Court for the government of the Courts of Civil Appeals. Subsequent to the affirmance of the case the Supreme Court held the rules so promulgated to be in violation of articles 2061, 2062, Revised Statutes 1911, in requiring litigants to set out in a motion for new trial alleged error in giving or refusing charges, or other action of the trial court appearing of record. Missouri, Kansas & Texas Ry. Co. v. Beasley (Sup.) 155 S. W. 183; Benton v. Kuykendall et ux., 160 S. W. 438, decided by this court October 25, 1913. For the reasons stated in the opinion last cited our former opinion in this case will be withdrawn, the assignments considered, and what we here say stand as our opinion in this case.

Appellee sued appellant in the court below, alleging that while driving upon a public street in the city of Denison, and while passing beneath three trestles or bridges, which spanned the street, built and maintained by appellant, and upon which appellant's railroad tracks were laid, appellant halted one of its locomotives, and permitted a lump of coal to roll therefrom and strike appellee, seriously injuring him. The negligence alleged against appellant was in failing to have its trestles so constructed that, in the event coal or other objects should drop from appellant's locomotives or cars, same could not fall to the street below and thus endanger the limbs and lives of persons using the street, and in negligently and carelessly constructing its culverts and trestles so that when used by its locomotives and cars across said public street same endangers the limbs and lives of those using the street by anything escaping or falling therefrom, and that appellant knew, or by the exercise of ordinary care could have known, said acts of negligence, each and all of which were the proximate cause of appellee's injuries. The foregoing is a sufficient statement of appellee's pleading under the errors assigned. Appellant met the complaint by general denial, assumed risk, and contributory negligence.

The following sufficient statement of the facts is supported by the evidence: Appellee, at the time he received his injuries, was a merchant in the city of Denison. Going from his place of business to his home it was necessary for him to use Crawford street, which passed under the railway tracks of the appellant. The tracks at that point were supported by trestles or bridges high enough to allow vehicles to pass thereunder. The railroad runs north and south, Crawford street, east and west. There are three trestles, with an intervening space between each. Each trestle is double tracked, making six tracks in all. The trestles are all floored, and the flooring on the outside of the east and west trestles are used by pedestrians who travel along the railway track. On the outside edge of the flooring on each trestle is a banister which is a distance of 3 or 3½ feet outside of the outside rail. The tender of the engine when passing over the tracks extends over this floor about 2 feet, leaving about 1 or 1½ feet of the floor exposed. This subway under the tracks on Crawford street was the only place where parties could go from the main part to the east part of the town for several blocks, and therefore was used a great deal. Just south of the point where appellee was injured, appellant coaled its engines, which was its yards, and as a result the traffic, day and night, was increased over the trestles. On the night that appellee received his injuries he was driving in a buggy, going from his place of business to where he lived, about 9:30 or 10:00 o'clock at night. He passed under two of the trestles, and when he arrived at a point about the east side of the middle trestle, or between there and the east trestle, a locomotive stopped suddenly overhead, and a large piece of coal fell therefrom, going through the top of appellee's buggy and striking appellee upon the head, and causing the injuries complained of. The point where appellee was hurt was a public thoroughfare, and had been for a great length of time prior to the date on which the injuries were inflicted. Upon trial by jury there was a verdict for appellee for $10,000, followed by judgment, from which this appeal is taken.

After charging the jury relating to certain facts necessary to be found in order to return a verdict for appellee, and which are not in dispute on this appeal, and after instructing the jury that if appellee was hurt, while passing under the trestles spanning Crawford street, by a lump of coal falling from one of appellant's engines that was being operated across and upon said trestle the court proceeded with his charge as follows: "And if you further believe from the evidence that said trestles were so constructed as that there was danger of injury to persons traveling under said trestles from anything escaping or falling from defendant's engines or cars; and if you further believe from the evidence that in the exercise of ordinary care said trestles could have been so constructed as to prevent anything escaping or falling from said engine or coals falling through and under said trestles; and if you further believe from the evidence that in constructing said trestles in the condition in which you find from the evidence same were at the time plaintiff claims to have been injured, and in maintaining and permitting same to remain in such condition, the defendant was guilty of negligence as this term has hereinbefore been defined to you; and if you further believe from the evidence that such negligence, if any, was the direct and proximate cause of plaintiff's injuries, if any

he received—you will find for plaintiff, and assess his damages under instructions hereinbefore given you."

[1] The first assignment of error complains of that portion of the charge just quoted. By authority of the assignment it is asserted, in a number of forms, that the testimony does not sustain the action of the court in submitting to the jury whether appellant was negligent in constructing its culverts and trestles so that coal or other objects could not escape from its locomotives and cars and drop upon persons in the street below and injure them. We think the criticism directed against the charge untenable. If the culverts and trestles were negligently constructed, such negligent construction was in law the proximate cause of the injury, since, "though a negligent act or omission be removed from the injury by intermediate causes and effect, yet if the party guilty ought reasonably to have foreseen the ultimate consequence, such negligence is deemed in law the proximate cause of the injurious effect." G., C. & S. F. Ry. Co. v. Rowland, 90 Tex. 365, 38 S. W. 756; T. & P. Ry. Co. v. Bigham, 90 Tex. 225, 38 S. W. 162. Accordingly, if the lump of coal which fell from appellant's locomotive and injured appellee could not have done so but for the negligent construction of the culverts and trestles, the submission of that issue is clearly sustained. The lump of coal may have been thrown from the locomotive by carelessly operating same, or it may have been due to negligence in overloading the tender, or it may have been precipitated over or under the railing to the street below, or fallen to the floor of the board walk and rolled therefrom to the street, yet the proximate cause of the injury could be the negligent construction of the culverts and bridges if the jury found, as a matter of fact under the adduced evidence, that same were negligently constructed.

[2] Thus we are led to a consideration of whether or not the evidence is sufficient to sustain the finding of the jury that the culverts and trestles were negligently constructed, which finding appellant attacks under several propositions. The evidence, as we have said, shows that appellant has three trestles which span Crawford street, and admitted public highway, each trestle carrying two railroad tracks. The trestles are all floored, the flooring extending about 3½ feet beyond the outermost rail on either side. On each side of each trestle where the flooring ends is built a banister or railing. The space between the banister and the outside rail of appellant's track is commonly used by pedestrians in Denison. The banister is open and not boxed up, and consists of upright pieces with railings placed thereon, extending at right angles thereto. The space between the trestles, or between the several banister railings on the trestles, is open, and if coal should fall from an engine and escape through the opening in the railing, or bounce through such opening after falling upon the floor, or be precipitated clear of the railing from the engine, the tender of which stands 9 feet above the top of the railing, it would be unimpeded in its fall to the street below. The tender of an engine which carries its coal supply extends to within 6 or 12 inches of the banisters or railing above described, and renders possible what we have just suggested. Appellee was in the space between two of the trestles when injured. The foregoing is, in substance, the most the jury could have found from the evidence adduced upon trial, and upon those facts the jury has indicated by its verdict that appellant's trestles were negligently constructed. Do the facts support the findings? We think so, since negligence is always a question of fact to be found by the jury, and consideration of the evidence detailing the construction of appellant's culverts and trestles make it inevitably a matter for the jury. We could say that the dropping of the lump of coal was as much due to appellant's negligent construction of its trestles as we could say it was not due thereto; and, did we say either, it would be none the less an adjudication of a question of fact. Missouri, Kan. & Tex. Railway Co. v. Rogers, 91 Tex. 52, 40 S. W. 956.

[3] It is also urged that the charge above quoted was erroneous in that it failed to submit to the jury some rule for their guidance as to the particulars in which the construction of the trestles was faulty. It seems to us that the answer to this criticism is that it was not charged that some particular part of the trestle was faulty or out of repair, but that the trestles as built were inherently unfit for the protection of the public who used the street below, and that therein was the negligence, if any, to be passed upon by the jury. The negligence might have been one of omission in the construction of the trestles, as well as one of commission, and we may have views upon what the jury based their finding, but an expression of same would be both improper and immaterial, since our functions cease when it is ascertained that there is evidence in the record upon which the verdict can be sustained.

[4] The fifth and sixth assignments of error complain of the refusal of the court to confine the jury to the consideration only of any negligence due to appellant's failure to board up the open space formed by the banisters. This was on the theory that the lump of coal could only have fallen to the street below by falling on the platform or board walk and then rolling therefrom to the street below. The tender of the engine, according to the evidence, is 9 feet higher than the banister rail, and reaches within 6 or 12 inches of the rail, and it is not inconceivable, as we have said at another place, that the lump of coal may have been precipitated into the space between the trestles directly to the street below in the ways there suggested.

Our conclusions and findings under appellant's first assignment of error render unnecessary a discussion of appellant's fourth, sixth, seventh, eighth, and ninth assignments of error.

The judgment is affirmed.