## HULEN v. IVES.  (No. 287.) *

(Court of Civil Appeals of Texas. Waco. Jan. 21, 1926. Rehearing Denied Feb. 18, 1926.)

**I. Appeal and error ⬦1064(I)—Trial ⬦232 (5)—Instruction that proximate cause was not the act nearest injury held error and prejudicial.**

In action for damages from train hitting plaintiff's automobile at crossing, where first paragraph of court's charge completely defined proximate cause, the court erroneously added a paragraph stating that, "by the term·'proximate cause' is not meant the last act or cause or the act nearest the injury," and such instruction was prejudicial, since jury might have understood therefrom that plaintiff's alleged negligence, such as failing to look for approaching train, could not be proximate cause because such acts immediately preceded collision.

**2. Negligence ⬦56(I)—"Proximate cause" of injury defined.**

Proximate cause of injury is that cause, which in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which result would not have occurred.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Proximate Cause.]

**3. Trial ⬦203(I).**

Trial court must, if requested, submit to jury each controverted issue of fact drawn by pleadings and evidence (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1971, 1984a, 1985).

**4. Railroads ⬦350(I).**

Evidence of negligent operation of train striking automobile at crossing held for jury.

Appeal from District Court, Limestone County; A. M. Blackmon, Judge.

Action by H. L. Ives against John A. Hulen, receiver of the Trinity & Brazos Valley Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Thompson, Barwise & Wharton, of Fort Worth, and C. S. & J. E. Bradley and W. T. Jackson, all of Groesbeck, for appellant.

Reed & Cannon, of Groesbeck, and Spivey & Spivey, of Waco, for appellee.

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction April 7, 1926.

BARCUS, J. The opinion heretofore filed in this cause is withdrawn, and this opinion is substituted therefor. Appellee filed suit against appellant as receiver of the Trinity & Brazos Valley Railroad Company to recover damages which he claimed to have sustained by reason of the agents of appellant having negligently operated a train in the town of Teague and struck an automobile which he was driving. Appellee alleged that the agents of appellant were negligent in a number of different acts, among others, that they failed to blow the whistle, failed to ring the bell, and permitted an obstruction to be left on the side of the road which obscured his view, and that each of said acts of negligence was the proximate cause of the injury. Appellant answered by some special exceptions, and alleged that appellee was injured by reason of his own acts of negligence in driving on its tracks in front of an approaching train, alleging in detail several different acts of negligence on the part of appellee. The cause was tried to a jury and submitted on special issues. The court, under separate issues, submitted each act of negligence alleged by appellee which was supported by the evidence. The jury found that there was no obstruction which would or did obscure appellee's view of the approaching train at the place where the injury occurred. It found that the agents of appellant failed to blow the whistle and failed to ring the bell, and that each of said acts was the proximate cause of the injury.

[1] The trial court, in its charge to the jury, defined "proximate cause" as follows:

" 'Proximate cause' is that cause which, in a continuing sequence, unbroken by any new or independent cause, produced an event or injury, and but for which the same would not have happened or occurred. By the term 'proximate cause' is not meant the last act or cause or the act nearest the injury, but, as stated before, 'proximate cause' is a continuing cause, unbroken by any other cause, and such as that the injury or event would not have occurred but for its existence."

Appellant objected to the last paragraph of said definition, wherein and whereby the court attempted to instruct the jury as to what is not proximate cause. It not only objected to the court giving said paragraph, but requested the court, if the same was given, to insert the word "necessarily" before the word "meant," so that the charge would read "is not necessarily meant the last act." The court overruled said objection and refused to so amend its charge. The question as to what is the proximate cause, and as to whether the state of facts proved constitutes the proximate cause, should ordinarily be left for the jury's determination. Jackson v. G. H. & S. A. Ry. Co., 37 S. W. 786, 14 Tex. Civ. App. 685; T. & P. Ry. Co. v. Bigham, 38 S. W. 162, 90 Tex. 223; G. C. & S. F. Ry.

Co. v. Rowland, 38 S. W. 756, 90 Tex. 365; T. & N. O. R. Co. v. Harrington (Tex. Com. App.) 235 S. W. 188. The collision which caused the injury to appellee occurred in the middle of a clear afternoon in July. The jury found, under an appropriate issue submitted, that there was no obstruction that would have prevented appellee from seeing the approaching train if he had looked. Appellee testified that at the time of the injury he was driving his Ford, going across appellant's track in the town of Teague. The train which struck his automobile was the regular passenger train, going north, and the collision occurred about two blocks before the train reached the depot. He testified that when he approached the railroad crossing he was in low and traveling at a slow speed because the ground on the road he was traveling seemed to be fresh, or soft, crawly sand, and he could hardly get his automobile over it; that he slowed down and listened for the train, but did not hear the bell rung or the whistle blown, and that he did not look toward the south to see whether there was a train coming or not; that it was a clear sunshiny day; that he was driving about 5 miles an hour and could have stopped his car "pretty quick, in something like 10 to 12 feet." He testified:

"My car came mighty near stopping when I was pouring the gas to it up that grade in coming out of the sand. * * * I did not look to my right (south) to see if there was a train coming. * * * I was passing along pretty slow at the time, and when I looked around that was just about the time you might say it was on me. * * * It was getting pretty scary at the time. There wasn't any use getting scared until the negro hollered, 'Look out,' and that was the first thing that attracted my attention when I got up there and he hollered at me to look out. I had turned my head, and just as I turned my head it was right on us, and we were right on top of the track. * * * I stopped the car just as the front wheels got across the rails."

[2] The jury, under the definition of proximate cause given by the court, found that the failure to blow the whistle and ring the bell were each the proximate cause of the injury. The trial court, in defining proximate cause, should not attempt to state what is not proximate cause. It is the duty and province of the jury to determine whether a specific act is or is not the proximate cause of an injury, and they should be left free and untrammeled by any suggestion from the court as to what would not constitute proximate cause. Perhaps the best and most widely quoted definition is the following:

"The proximate cause of an injury is that cause which, in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury and without which the result would not have occurred." 22 R. C. L. 110; 32 Cyc. 745.

Under the definition of proximate cause as given in this case, the jury might have understood therefrom that the acts of the appellee in failing to look for an approaching train, and in driving upon the track in broad daylight in full view of the approaching train, could not be the proximate cause because those acts immediately preceded the collision. The definition is so drawn that its meaning is very uncertain, vague, and indefinite, and we cannot say that the jury were not misled thereby. The court should not have given the last paragraph of said definition because the first paragraph thereof was a complete, full, fair definition of proximate cause, and it was not necessary to repeat the same. The definition is positively erroneous if the court meant to state that the last cause is never the proximate cause.

The court submitted all of the defensive matters under the following special issue, which the jury answered "Yes":

"No. 10. As the plaintiff, Ives, was approaching said Mulberry street crossing in the automobile, did he exercise such care for his own safety as a person of ordinary prudence would have exercised under the same or similar circumstances? Answer this question 'Yes' or 'No.' In connection with the foregoing question, you are instructed that if you believe from the evidence that the plaintiff, Ives, approached the Mulberry street crossing without looking or listening to discover the approach of the train, or if you believe from the evidence that the plaintiff failed to do any act by the doing of which he would have discovered the approach of said train, and that such failure to look or listen, if he did, or such failure to do any other act, if any, was negligence on his part, as that term has been hereinbefore defined, then in such event you will answer said question No. 10 in the negative, and this would be true even though you believe that the defendant was negligent in failing to blow the whistle, ring the bell, or permit to be placed on its material yard obstructions in the manner alleged by plaintiff."

The appellant made no objection to said special issue, but did present to the court in proper form separate issues embodying the different acts of negligence on the part of appellee which it had alleged and offered evidence in support of, and requested the court to submit each of said issues separately, which the court refused, and appellant assigns error.

[3] In the case of Fox v. Dallas Hotel Co., 240 S. W. 517, 111 Tex. 461, the Supreme Court laid down the rule, which has been uniformly followed, that articles 1971, 1984a, and 1985 of the 1914. Vernon's Sayles' Statutes make it the duty of the trial court, when requested, to submit each controverted issue of fact drawn by the pleadings and evidence, and holds that each group of facts pleaded by defendant, which standing alone would, if proved, constitute a complete defense to plaintiff's suit, presents an issue which the defendant has a statutory right to have submitted separately to the jury. St. L. S. W. Ry. Co. v. Osborne (Tex. Civ. App.) 270 S. W. 922; Kennedy v. Wheeler (Tex. Civ. App.) 268 S. W. 516. Appellee contends that appellant waived the error of the trial court in failing to submit each group of facts pleaded by defendant as a defense by having failed to except to special issue No. 10 as given by the court, and in support thereof cites City of Fort Worth v. Ashley (Tex. Civ. App.) 197 S. W. 307; Cleburne Street Railway Co. v. Barnes (Tex. Civ. App.) 168 S. W. 991; Elser v. Putnam Land Co. (Tex. Civ. App.) 171 S. W. 1052; Stephenville, N. & S. T. Ry. Co. v. Wheat (Tex. Civ. App.) 173 S. W. 974. Article 1985 of the 1914 Statutes, being article 2190 of the 1925 Statutes, provides:

The "failure to submit an issue shall not be deemed a ground for reversal of the judgment, unless its submission has been requested in writing by the party complaining of the judgment."

None of the above authorities directly refer to or discuss said article 1985. Since this cause must be reversed on other grounds and this question will not likely arise on another trial, we do not deem it necessary to and do not pass on the question as to whether under the facts in this case it was necessary for appellant to both object to issue No. 10 as submitted by the court, and in addition thereto request each defensive issue to be submitted separately and object to the court's refusal to submit said special issue as presented.

[4] Appellant complains of the refusal of the trial court to instruct a verdict for it. We overrule this assignment. Without commenting on or stating the testimony more fully than herein set forth, we think it was sufficient to authorize the court to submit the cause to the jury for determination.

The other questions raised by appellant's brief will not likely occur on another trial.

For the errors herein indicated, the judgment of the trial court is reversed and the cause remanded.